SECURITY SAVINGS BANK, Appellee,

v.

Thomas H. HUSTON, Iowa Superintendent of Banking, Appellant.

No. 63059.

Supreme Court of Iowa.

June 18, 1980.

Rehearing Denied July 11, 1980.

Thomas J. Miller, Atty. Gen., and Howard O. Hagen, Asst. Atty. Gen., for appellant.

Harry Druker of Cartwright, Druker & Ryden, Marshalltown, for appellee.

Considered by REES, P. J., and UHLENHOPP, McCORMICK, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

Petitioner Security Savings Bank (Security) sought further review of a portion of the court of appeals decision remanding this judicial review case for further consideration before respondent, Iowa Superintendent of Banking (Superintendent), on the merits of applications by Security and Fidelity Brenton Bank and Trust Company (Fidelity) to open a bank office in Albion, Iowa. The district court had ordered the

Superintendent to issue a certificate of permission to Security for establishment of the bank office without further consideration. We remand Security's application to the Superintendent for further consideration in light of the undisputed finding of the court of appeals that the Superintendent's action failing to find need for a bank office in Albion was arbitrary and capricious.

In August 1976 Security and Fidelity, both of Marshalltown, filed nearly simultaneous applications under sections 524.-1201–.1202, The Code 1975, for permission to open a bank office in Albion, a town of approximately 800 located about seven miles from Marshalltown. It is undisputed in the record that only one bank office could be authorized for Albion. After hearings pursuant to agency rules, 140 I.A.C. §§ 2.4 and 2.12, the Superintendent, following the recommendation of the state banking board under section 524.205(4), denied both applications on the ground there was no need for a bank office in Albion. Pursuant to section 17A.19, The Code, Security filed a petition for judicial review in district court of the agency action on its application. Fidelity did not seek judicial review but on January 10, 1978, filed a new application, which was virtually identical to its previously denied application, before the Superintendent when the composition of the state banking board changed. The new board recommended the granting of Fidelity's second application, but a final decision thereon had not been made by the Superintendent at the time Security's case was heard by the district court.

The district court, believing this not to be a contested case, heard and considered additional evidence. *See* § 17A.19(7).

The district court found, in substance, that Security had shown there was a need for a bank office in Albion and that the Superintendent's denial of Security's application was arbitrary and capricious. That court reversed the agency decision and directed that the Superintendent issue a cer-tificate of permission to Security to establish a bank office in Albion.[1] The Superintendent appealed under section 17A.20 and we transferred the case to the court of appeals. The court of appeals affirmed the district court's finding that the agency action was arbitrary and capricious, but reversed and remanded the case to the Superintendent to determine whether Security or Fidelity, if either, may supply the bank office if needed in Albion.

Security sought further review under section 684.1(4), The Code, only from that portion of the court of appeals decision which remanded the case.

After finding that the Superintendent's action was arbitrary and capricious under section 17A.19(8)(g), the court of appeals said:

> If a bank office is approved for Albion, it is up to respondent to determine which, if any, of the applicants may supply it. The district court erred in making such determination in the first instance.

Security asserts no further proceedings with regard to its application are necessary when Fidelity, the other competing applicant, did not appeal from the adverse agency decision on Fidelity's 1976 application, which thereby made such denial of the application final. Security contends we should reinstate the district court order that the respondent issue a certificate of permission to Security. Respondent, on the other hand, says the court of appeals decision should be affirmed in its entirety. The Superintendent thereby in effect acknowledges his action was arbitrary and capricious in finding that there was no need for a bank office in Albion. However, he desires to consider the merits of Security's application along with Fidelity's second, or 1978, application, which he still has under advisement, and the applications of any other banks for an office in Albion before he rules which bank may open such an office.

1. The district court order directing issuance of a certificate to Security has been stayed pending final determination of this appeal.

The sole issue presented for our review is one of remedy. Before considering that issue, we first state what is not involved in the case under its present posture.

■ We need not determine on this limited application for further review whether this is a contested case within the meaning of the Iowa Administrative Procedure Act, because the parties have proceeded as if this were not a contested case, but rather as if it were one involving agency action. *Compare* § 17A.2(2) *with* § 17A.2(9). In addition, we are not asked to decide whether the action by the Superintendent in finding that there was no need for a bank office in Albion was arbitrary and capricious under section 17A.19(8)(g), as that issue has not been presented for further review and the parties agree that it was.

The case is before us in the posture of agency action, neither involving rule making nor a contested case.

■ Although decided as a contested case, *Young Plumbing and Heating Company v. Iowa Natural Resources Council*, 276 N.W.2d 377, 381 (Iowa 1979), correctly sets forth the role of a district court when reviewing agency action under the Iowa Administrative Procedure Act as appellate in nature. *Accord, Iowa Public Service Company v. Iowa State Commerce Commission*, 263 N.W.2d 766, 768 (Iowa 1978).

Section 17A.19(8) provides in relevant part:

The court may affirm the *agency action* or remand to the agency for further proceedings. The court shall reverse, modify, or grant any other appropriate relief from the *agency action*, equitable or legal and including declaratory relief, if substantial rights of the petitioner have been prejudiced because the agency action is:

   .    .    .    .    .

g. Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

(Emphasis added.)

Section 17A.20 allows an appeal to this court from the determination of the district court. "Our task is to review the record in the manner specified in § 17A.19(7) and make *anew* the judicial determinations specified in § 17A.19(8)." *Hoffman v. Iowa Department of Transportation*, 257 N.W.2d 22, 25 (Iowa 1977) (emphasis added); *accord, Community Action Research Group v. Iowa State Commerce Commission*, 275 N.W.2d 217, 219 (Iowa 1979).

■ In *Community Action Research Group v. Iowa State Commerce Commission*, 275 N.W.2d at 219, which involved a rulemaking case, we said:

We see nothing in § 17A.19 which indicates the standard for our review in a rulemaking case should differ from the standard in a contested case. The only limitation on the stated standard for judicial review in § 17A.19(8) appears in subsection "f." That limitation (unsupported ". . . in the record made before the agency . . .") is addressed exclusively to contested cases. Accordingly *Hoffman*, in general, dictates the standard for our review in this rulemaking case. There is one difference. Section 17A.19(7) provides that a court sitting in review of agency action (except for a court reviewing contested cases) is free to receive and consider such additional evidence as it feels is appropriate. Such additional evidence, of course, is to be considered in addition to that offered before the agency.

We believe that this case involving agency action, although not a rulemaking case and not a contested case, was to be reviewed by the district court in the same manner as a rulemaking case and we conduct our review accordingly. The record for our review consists of evidence presented both to the Superintendent and to the district court. Id.

The only determination we are asked to make *anew* under section 17A.19(8) is the remedy to be formulated in light of the finding that the Superintendent's action was arbitrary and capricious.

The ruling of the Superintendent as to Security's application provides:

This is to advise you that pursuant to the provisions of Section 524.1201, Code of Iowa, the application by Security Savings Bank for a Certificate to Operate a Bank Office in the City of Albion has been denied as *the facts* presented at the hearing of December 16, 1976 along with additional data provided subsequent to the hearing *did not demonstrate the existence of need for establishment of a banking office in the City of Albion by Security Savings Bank. The facts furnished at the hearing indicated the financial needs of the residents of Albion are now being accommodated adequately.*

(Emphasis added.) It is this ruling or agency action that was found to be arbitrary and capricious.

As we said in *Public Employment Relations Board v. Stohr*, 279 N.W.2d 286, 290 (Iowa 1979):

> When resolution of a controversy has been delegated to an administrative agency, district court has no *original* authority to declare the rights of parties or the applicability of any statute or rule. . . . Its power to decide such issues is derived from and is dependent upon its authority to review agency action.

When presented with Security's application, the Superintendent limited his ruling to the grounds that Security had not shown that a need existed for a bank office in Albion. No ruling was made as to any other factor that may have affected the propriety of Security's application.

In accordance with sections 17A.19 and .20, we decline to adopt the remedies of either the district court or the court of appeals. We hold that Security's application be remanded to the Superintendent of Banking for proceedings and consideration in conformity with applicable statutes and agency rules and in light of the finding that the Superintendent's prior ruling, that no need existed for a banking office in Albion, was arbitrary and capricious. We leave open the question as to what other applications, if any, the Superintendent may consider at the time he further considers Security's application. We decline the invita-

tion by the parties to entertain this and any other questions not ruled upon by the Superintendent in the first instance. *See Public Employment Relations Board v. Stohr*, 279 N.W.2d at 289–90.

While in certain cases it may be appropriate for a court to modify an agency ruling in the manner requested by Security, *see* § 17A.19(8), the court is not compelled to do so, and we do not believe it is appropriate to do so here. §§ 17A.19(8) and .20.

The case is remanded to the Superintendent for further proceedings consistent herewith.

JUDGMENT OF COURT OF APPEALS AFFIRMED IN PART; VACATED IN PART; AND REMANDED.