M. Dwight JOHNSTON, Appellee,

v.

IOWA REAL ESTATE COMMISSION,
Appellant.

No. 83–582.

Supreme Court of Iowa.

Feb. 15, 1984.

Thomas J. Miller, Atty. Gen., and Frank E. Thomas, Asst. Atty. Gen., for appellant.

Bert A. Bandstra, Knoxville, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK and WOLLE, JJ.

McCORMICK, Justice.

This appeal involves the procedure employed by the Iowa Real Estate Commission in denying a former broker's application for a new broker's license. The commission denied the broker's application after a hearing but without informing the applicant of any reason for the denial. Upon judicial review of the commission's decision, the district court reversed the decision and ordered the commission to issue a license. We affirm the district court's reversal of the commission but reverse the court's order that a license issue and remand the case to the commission for further proceedings.

Petitioner M. Dwight Johnston had been a licensed real estate broker in Iowa for seven or eight years when his license was revoked by the respondent Iowa Real Estate Commission on March 1, 1980. The present record discloses only that the revocation stemmed from a dispute between Johnston and a client over a real estate transaction. Johnston applied for a new license in March 1982, two years after the revocation. He passed the broker's examination and tendered the license fee. The commission summarily denied the application on June 9, 1982.

Johnston requested a hearing which was held on August 26, 1982. Although the commission notified Johnston of the time and place of the hearing, it did not notify him of the basis for its denial of his application. Johnston appeared without counsel at the hearing and was given an opportunity to present evidence. He called the commission director and commission counsel as witnesses. The director acknowledged that the commission had no new charges against Johnston and that the commission based its license denial on the prior revocation. The commission counsel testified he did not believe the commission was required to state a reason for denying a broker's license to an applicant whose license has previously been revoked. After the hearing the commission issued an order reiterating its denial of a broker's license, without stating a reason, but also providing that Johnston "be granted an Iowa real estate salesperson's license upon successfully passing the required salesperson's examination, completing the required thirty hour pre-license education course, submitting a proper application and paying the necessary fee."

Johnston subsequently brought the present action for judicial review of the commission's decision. After hearing, the district court found that the commission violated mandatory statutory duties in denying Johnston a license. The court ordered that the commission issue him a broker's license, and the commission appealed.

This appeal requires us to interpret several provisions of Iowa Code chapter 117 (1981), which "establishes the real estate commission and vests it with far-reaching authority to license, regulate and discipline brokers and salespersons." *Milholin v. Vorhies*, 320 N.W.2d 552, 554 (Iowa 1982). When a license has been revoked, the former broker must wait two years before applying for a new license. *See* § 117.15. No dispute exists that Johnston waited the required period, his application was in proper form, he passed the broker's examina-

tion, and he tendered the proper fee. The dispute concerns alleged procedural violations by the commission in nevertheless denying Johnston a license and, after hearing, persisting in its denial.

When his application was initially denied, Johnston requested a hearing in accordance with section 117.19, which provides:

If the commission, after an application in proper form has been filed with it, accompanied by the proper fee, shall deny a license to the applicant, upon his application in writing, and within a period of thirty days of such denial, he shall be entitled to a hearing as provided in section 117.35.

Section 117.35 provides in material part:

The commission shall, upon request of the applicant as provided in section 117.-19, or before revoking any license, set the matter down for a hearing and at least twenty days prior to the date set for the hearing it shall notify the applicant or licensee in writing, which said notice shall contain *an exact statement of the charges made* and the date and place of the hearing. (emphasis supplied).

Statutory hearing procedures are established in sections 117.36–117.40.

If the commission decides after hearing to persist in its denial of a license, section 117.41 applies:

If the majority of the commission shall determine that any applicant is not qualified to receive a license, a license shall not be granted to such applicant, and if the commission shall determine that any licensee is guilty of a violation of any of the provisions of this chapter, the license may be suspended or revoked. *The commission, upon request of the applicant or licensee, shall furnish said applicant or licensee with a definite statement of its findings of fact and its reason or reasons for refusing to grant the license or for suspension of the rights of the licensee or for the revocation of the license, as the case may be.* Judicial review of action of the commission may be sought in accordance with the terms of the Iowa administrative procedure Act. (emphasis supplied).

██ In passing upon the qualifications of applicants, the commission has authority to consider the applicant's character. *See* § 117.15. Revocation is authorized when broker conduct demonstrates specific breaches of the good character requirement. *See* §§ 117.29 and 117.34. Under the statutory scheme, the burden is on the applicant to establish good character, whether upon an initial application or upon an application for a new license after revocation of a prior one. *Cf. In re Willis*, 288 N.C. 1, 15, 215 S.E.2d 771, 780 (1975) (burden of proving good character is traditionally on the license applicant). Although the commission appears to be uncertain about its authority to initiate an investigation of an applicant's character, we believe this right is implicit in its duty to determine an applicant's qualifications. *See* § 117.15. The right is mirrored in the commission's duty to investigate alleged misconduct of licensees. *See* § 117.34.

██ Once the commission has determined that the applicant has failed to demonstrate the requisite good character, it may deny the applicant a license. In those circumstances, the applicant is entitled by section 117.19 to a hearing as provided in section 117.35. The commission asserts, however, that the requirement in section 117.35 of a prehearing notice containing "an exact statement of the charges made" does not apply in a case like this one where the commission is relying wholly on the prior revocation. It thereby seeks to excuse its failure to inform Johnston before the hearing of the reason for its denial of his application. The commission also alleges that Johnston had prior discussions with commission officials in which he was fully advised of the commission's reasons.

We agree with Johnston that section 117.35 required the commission to notify him officially before the hearing of the basis for its denial of his application. In doing so the commission should have told him not only that it was relying on the

prior revocation but also should have provided him a short and plain statement of the particular facts which the commission believed reflected negatively on his character. The obvious purpose of the notice requirement is to inform the applicant of the basis of the adverse licensing decision with sufficient specificity to allow the applicant to prepare for the hearing. When the commission relies solely on a prior revocation, that record becomes the "charge" for purposes of section 117.35. Moreover, informal discussions are not an adequate substitute for official notice. Because a notice based on a prior agency adjudication of misconduct fixes issues upon which the applicant must carry the burden of proof at the hearing, it is vital that the applicant be notified officially of the specific grounds for the commission's prehearing license denial. We need not decide in this case whether a breach of this duty alone will invariably require reversal of a posthearing commission decision denying a license. This is because the commission also violated its separate duty to make posthearing findings of fact and provide a statement of reasons for license denial under section 117.41. We believe Johnston's questions and statements at the hearing were sufficient to constitute a request for such findings and reasons under the statute.

Apart from considerations of elementary fairness, findings of fact and reasons are essential for purposes of judicial review. A reviewing court cannot perform its duty of review pursuant to section 17A.19 when the basis of the agency decision is not disclosed. We addressed this issue even before enactment of section 117.41 and the administrative procedure act:

> Administrative findings of fact must be sufficiently certain to enable a reviewing court to ascertain with reasonable certainty the factual basis on which the administrative officer or body acted. [citation]. Meaningful appellate review is impossible in the absence of reasoned findings of fact. [citations] ("We must know what a decision means before the duty becomes ours to say whether it is right or wrong.") [citation] ("We only

require that, whatever result be reached, enough be part of record to enable us to perform the limited task which is ours.").

*Catalfo v. Firestone Tire and Rubber Co.,* 213 N.W.2d 506, 509–10 (Iowa 1973); *see* 3 K. Davis, *Administrative Law Treatise* § 14:29, at 118 (2d ed. 1980) ("Even if the evidence in the record, combined with the reviewing court's understanding of the law, is enough to support the order, the court may not uphold the order unless it is sustainable on the agency's findings and for the reasons stated by the agency."). The commission erred in not complying with section 117.41 in this case.

■ The commission not only failed to make findings of fact or state reasons but also failed to put any part of the prior revocation proceeding in the record. We are thus left entirely in the dark concerning any information upon which facts might be found or reasons stated. Whenever the commission relies on misconduct adjudicated in a prior revocation proceeding, it must ensure that the relevant information from the prior proceeding is made part of the record.

■ Furthermore, underlying the commission's refusal to state its reasons for denying Johnston a license either in the prehearing notice or the posthearing order is the premise that it has unfettered discretion to refuse relicensing to an individual whose license has previously been revoked. The statute, however, vests the commission with the right to exercise reasoned rather than absolute discretion. Whether misconduct resulting in revocation is serious enough to justify denial of a new license two years later will depend on the nature of the misconduct and other relevant circumstances. In some cases relicensing may be warranted and in others not. Because the commission's authority is not absolute, the applicant, the public and the courts upon judicial review are all entitled to know why a particular application has been denied.

The commission's findings and reasons cannot be supplied by subsequent specula-

tion and conjecture. Only in a rare case will an agency's unexpressed reasoning appear by ineluctable implication from the record. *See, e.g., Ward v. Iowa Department of Transportation*, 304 N.W.2d 236, 238–39 (Iowa 1981). In the present case, we conclude that the commission's breach of section 117.41 deprived Johnston of a substantial right.

After finding the commission violated the statutory procedural requisites, the district court reversed the commission's decision and ordered the commission to issue Johnston a broker's license. We agree with the court's decision to reverse the commission, but we find that the court erred in ordering the license to issue. The district court on judicial review has no original authority to declare the parties' rights. *Public Employment Relations Board v. Stohr*, 279 N.W.2d 286, 290 (Iowa 1979). Unless the evidence on an issue tried at law would compel the agency to rule in a particular way as a matter of law, the reviewing court must leave it to the agency to make the decisions vested by statute in the agency. *See Security Savings Bank v. Huston*, 293 N.W.2d 249, 252 (Iowa 1980); *Catalfo*, 213 N.W.2d at 510.

The district court should have remanded the case to the commission to afford Johnston a new hearing upon proper notice. The commission should also have been instructed to comply with section 117.41, as interpreted by the court, if Johnston's application is denied after hearing. We therefore affirm the court's reversal of the commission decision, reverse the order that a license issue, and remand the case to the commission with instructions to conduct a new hearing upon proper notice and make a new decision in conformity with the statutory procedural requisites.

One other issue requires attention. Relying on *McFarland v. Board of Education*, 277 N.W.2d 901, 906 (Iowa 1979), the district court ordered the commission to advance the costs of a transcript of commission proceedings furnished by the commission to the district court in compliance with section 17A.19(6). The commission

agrees that *McFarland's* interpretation of a similar statute is controlling unless *McFarland* is overruled. We adhere to the *McFarland* interpretation.

Costs are assessed to the commission.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.