Grace MEADS, Appellee,

v.

**IOWA DEPARTMENT OF SOCIAL SERVICES and Iowa Merit Employment Commission, Appellants.**

No. 84–333.

Supreme Court of Iowa.

April 17, 1985.

Thomas J. Miller, Atty. Gen., and Julie F. Pottorff, Asst. Atty. Gen., for appellants.

Michael E. Hansen, Des Moines, for appellee.

Considered by UHLENHOPP, P.J., and McCORMICK, SCHULTZ, CARTER, and WOLLE, JJ.

WOLLE, Justice.

Iowa Code chapter 19A, entitled "State merit system of personnel administration," provides generally that appointments and promotions of state employees designated in the statute shall be made solely on the basis of merit and fitness. The Iowa Merit Employment Commission (commission) promulgates rules to accomplish that laudatory purpose, hears and decides appeals concerning state employees who are dissatisfied with personnel decisions, and generally represents the public in the improvement of personnel administration. *See* Iowa Code § 19A.7 (1983).

The petitioner Grace Meads, an employee at the Glenwood State Hospital School (Glenwood) which is operated by the Iowa Department of Social Services (department), appealed to the commission contending that Glenwood's supervisory personnel had failed to comply with the commission's rules in selecting another person and not herself for the position of physical therapy aide at the hospital. Although the commission did not grant her the relief she sought, the district court on judicial review reversed and remanded the case by directing Glenwood to redetermine who should be promoted. The department and commission have appealed the district court's decision. We affirm in part, reverse in part, and remand to the commission with directions.

The commission rules set out a relatively complex procedure to govern hiring and promotion of state merit employees. In order to be considered for a particular position, an applicant must first apply to take a qualifying examination for a given class of jobs. The application provides information

about the applicant's education, training and experience and is an integral part of the examination itself. 570 Iowa Admin. Code 5.4. Those applicants who meet minimum qualifications for the job classification are allowed to take the exam, and they are ranked according to score and placed on an eligibility list. 570 Iowa Admin.Code. 6.3. When a vacancy arises, a merit employer must first obtain a certified current listing of the top six persons in the pertinent job classification who are interested in that vacancy. 570 Iowa Admin.Code 7.6. The employer is to hire one of those six after considering each of them on the basis of specified selection criteria. 570 Iowa Admin.Code 10.1(1).

The facts are essentially undisputed. Meads, a resident treatment worker at the Glenwood facility, learned of a vacancy in the position of physical therapy aide and sought to interview for the position on October 8, 1981. The supervisor informed her that she had already interviewed ten to twelve people and that she and Harold Adams, the treatment program administrator, would make a decision within the week. Meads heard nothing after a week but noticed that another employee, Diane Severn, was being trained for the position. Meads immediately complained to the personnel director that Glenwood was attempting to fill the vacancy without first obtaining from the commission a list of eligible merit employees. After Glenwood secured the list six weeks later, Adams conducted telephone interviews with the top six interested applicants including both Meads and Severn. Adams ultimately hired Severn, who ranked sixth among the interested applicants while Meads ranked first.

Meads filed a grievance with the commission, alleging that Glenwood had failed to comply with a commission regulation requiring posting of job vacancy notices and consideration of objective factors in promoting merit employees. 570 Iowa Admin. Code 10.1(4), 10.1(1). On appeal of an initial adverse decision and following a contested case proceeding, the commission concluded that Glenwood had not violated the rule but directed Glenwood to give Meads serious consideration for any future vacancy in a physical therapy aide position. The commission also required Glenwood to document all steps in the selection process and requested that the Commissioner of Social Services investigate and file a report concerning employment practices at the hospital. Meads sought judicial review of that portion of the commission's decision which held that Glenwood had not violated rule 10.1(1).

The district court on judicial review reversed and remanded the case to Glenwood for reselection of a physical therapy aide on the basis of information and applicants available to Glenwood on the date of Mead's initial application. The court also required Glenwood to forward to it a report documenting the steps followed in the selection process. In their appeal of the district court's judicial review decision, the commission and the department contend (1) that Glenwood did not violate rule 10.1(1), and (2) that even if the rule was violated, the district court exceeded its jurisdiction in finding two other violations not addressed by the commission's decision, in selecting the remedy it deemed appropriate, and in retaining jurisdiction to supervise Glenwood's choice of a person to be promoted into the position.

I. *Scope of Judicial Review.*

■ Our review of this contested case decision, like that of the district court, is governed by section 17A.19(8) of the Iowa Administrative Procedure Act. *Taylor v. Iowa Department of Job Service*, 362 N.W.2d 534, 537 (Iowa 1985); *Mount Pleasant Community School District v. Public Employment Relations Board*, 343 N.W.2d 472, 476 (Iowa 1984). Meads contended and the district court found that there was not substantial evidence to support the decision of the commission. We therefore must determine whether the agency's decision is "unsupported by substantial evidence in the record made before the agency when that record is viewed as a whole." Iowa Code § 17A.19(8)(f); *Messina v. Iowa Department of Job Service*, 341

N.W.2d 52, 59 (Iowa 1983). The possibility of drawing two inconsistent conclusions from the evidence does not prevent an agency's findings from being supported by substantial evidence. *Id.* Substantial evidence is that which a reasonable mind would accept as adequate to reach a given conclusion. *Iowa Health Systems Agency, Inc. v. Wade,* 327 N.W.2d 732, 733 (Iowa 1982).

## II. *Did Glenwood Violate Rule 10.1(1)?*

The threshold issue before the district court and now before us on appeal is whether substantial evidence in the record supports the commission's determination that Glenwood did not violate rule 10.1(1) governing promotion of merit employees. That rule provides:

> As far as is practicable and feasible, vacancies should be filled by the promotion of permanent, qualified employees based upon individual job performance evaluations, personal observation of work behaviors, promotional examination scores and due consideration for length of service and capability for a new position. Promotions may be either inter-agency or intra-agency.

570 Iowa Admin.Code 10.1(1).

The commission argues that the rule does not require the employer to apply the enumerated criteria mechanically to each applicant. It contends that the language "as far as is practicable or feasible" in the first clause of the rule contemplates that the listed criteria will serve only as flexible general guidelines to assist the employer in making its promotion decision. We disagree.

A. Construction of the Rule. Generally, we give administrative tribunals a reasonable range of informed discretion in the interpretation and application of their own administrative rules. *Dameron v. Neumann Brothers, Inc.,* 339 N.W.2d 160, 162 (Iowa 1983). We may turn to the agency's construction of its own regulations if the meaning of the words is doubtful. We will not, however, give weight to an agency interpretation of its rules if that interpretation is erroneous or inconsistent with the enabling statute. *Sommers v. Iowa Civil Rights Commission,* 337 N.W.2d 470, 475 (Iowa 1983).

We conclude that the commission's interpretation of rule 10.1(1) is inconsistent with the language of that rule as well as the enabling statute. We are not persuaded that the phrase "as far as is practicable or feasible" permits the commission to ignore the selection criteria set forth in the rule. Rather, that phrase as used in this rule only gives the employer limited discretion to determine whether to fill a vacancy by promotion or instead by such alternative means as transfer, demotion, reinstatement, or original appointment. *See* 570 Iowa Admin.Code 7.1 (authorizing vacancies to be filled through such alternative methods). When a state employer decides to fill a vacancy through promotion, it must apply the listed criteria in rule 10.1(1) in selecting the person to be promoted.

This reading of the rule mirrors the statutory mandate to promulgate rules

> [f]or promotions which shall give appropriate consideration to the applicant's qualifications, record of performance, and conduct. Vacancies shall be filled by promotion whenever practicable and in the best interest of the system.

Iowa Code § 19A.9(4) (1983).

While the statute does not define precisely what constitutes "appropriate consideration" of the listed criteria, that language clearly stops short of authorizing an employer to consider or not consider the criteria as it chooses. Had the legislature intended to vest the commission with discretion to itself determine the criteria for hiring merit employees, it would not have set out the selection criteria with such specificity. *See* Iowa R.App.P. 14(f)(13) ("In construing statutes the court searches for the legislative intent as shown by what the legislature said, rather than what it should or might have said."). Finally, the legislature's use of the word "and" rather than "or" to connect the specified factors of

"qualifications, record of performance, and conduct" suggests that it intended that the commission would require an employer to consider all those criteria.

Our conclusion that rule 10.1(1) sets forth mandatory selection criteria is bolstered by the general purpose section of chapter 19A which provides:

All appointments and promotions to positions in the state service shall be made solely on the basis of merit and fitness.

Iowa Code § 19A.1 (1983).

In light of this express legislative intent, we cannot accept the commission's interpretation of rule 10.1(1) and its conclusion that "it was not proven that [Glenwood] failed to give Ms. Meads any consideration for the opening as required by the rule." Rather, we conclude that the rule requires more than a cursory examination of each applicant; an employer must examine each applicant's qualifications and decide who to promote by giving consideration to all of the factors specified in the rule.

■ B. Did Glenwood Comply with the Rule? The record does not contain substantial evidence that Glenwood based its promotion decision on the objective criteria listed in Rule 10.1(1). Adams testified that he did not question Meads during the telephone interview concerning her length of service and capability for a new position because he assumed those criteria had been factored into her score on the merit examination. He also testified that while he was aware that Meads had obtained a higher score on the merit exam than seven other applicants, he believed that he nevertheless was entirely free to choose anyone among the top six applicants. In addition, Adams conceded that he did not request performance evaluations from Meads' supervisor though he was aware that Meads had worked at Glenwood for approximately ten years. While testifying, Adams said that his only reason for choosing Severn over Meads was that "Mrs. Severn indicated greater strength in respect to working with residents and carrying on responsibilities of the job through the interview process." Reviewing the record as a whole, we con-

clude as did the district court that the commission's finding that Glenwood complied with rule 10.1(1) is unsupported by substantial evidence. Accordingly we affirm that portion of the district court's order.

### III. *Primary Jurisdiction.*

The commission and department contend that the district court exceeded its jurisdiction in this judicial review proceeding in three respects: in deciding two questions which the commission did not explicitly address, in fashioning its own remedy, and in retaining jurisdiction to supervise application of that remedy by Glenwood. We agree.

■ A. Issues Not Addressed by the Commission. The district court ruled that Glenwood violated rule 10.1(4) pertaining to posting of job vacancy notices and also Iowa Code section 19A.19 prohibiting individuals from furnishing secret employment information to any applicant. The commission and department challenge those rulings on the ground that the commission had not decided either issue and therefore the court on judicial review lacked jurisdiction to address them. We conclude that the district court did exceed its authority in deciding those issues when the commission had not.

■ As we said in *Public Employment Relations Board v. Stohr,* 279 N.W.2d 286 (Iowa 1979):

District court, reviewing agency action, exercises only appellate jurisdiction.... When resolution of a controversy has been delegated to an administrative agency, district court has no *original* authority to declare the rights of parties or the applicability of any statute or rule.

*Id.* at 290 (emphasis in original). The district court may only review issues considered and decided by the agency. *See Chicago and Northwestern Transportation Co. v. Iowa Transportation Regulation Board,* 322 N.W.2d 273, 276 (Iowa 1982); *General Telephone Co. v. Iowa State Commerce Commission,* 275 N.W.2d

364, 367 (Iowa 1979). Findings of an agency on each issue are a prerequisite to judicial review. *Brown v. Public Employment Relations Board,* 345 N.W.2d 88, 93 (Iowa 1984); *Johnston v. Iowa Real Estate Commission,* 344 N.W.2d 236, 239 (Iowa 1984). The district court should not have ruled on Meads' contention that Glenwood had violated rule 10.1(4) and Iowa Code section 19A.19; rather, it should have remanded the case to the commission to make a ruling on those issues based on the record previously developed by the parties.

B. Selection of an Appropriate Remedy. The commission did not address nor decide the question of what remedy would be appropriate if Glenwood violated its rules or the statute in promoting Severn, because it found that Glenwood had not violated rule 10.1(1) and did not decide whether any other violations had occurred. The district court, finding violations in all three respects pointed out by Meads, fashioned its own remedy by remanding the case back to Glenwood "for a reselection of the position of physical therapy aide." After all parties had requested a clarification and enlargement of that ruling, the court expanded its remedy by providing:

> The ruling should have gone on to state that the reselection of this position shall be on the basis of the applicants who had applied and the information available to the respondent hospital as of the date of the initial application, to wit on or about the early part of October, 1981. The respondent hospital shall not take into consideration, as a basis for their selection of a person to fill the position, any evidence from and after the time the position first became available for bid.... [Glenwood is] hereby ordered to make the selection for the vacant position based on the applications and on the information obtained by them prior to the date of hire, the middle of October, 1981. Said respondent hospital school is specifically prohibited from using any information obtained, job experience obtained by any applicant, or recommendations made, from and after the date of

vacancy of said position, Mid-October, 1981.

Meads suggests several alternative remedies for Glenwood's violation of the merit commission rules governing promotions. She asks us to direct Glenwood to promote her to the position on the ground that she is substantially more qualified than Severn and none of the other applicants on the certified list need to be considered because they did not protest the promotion of Severn. She contends in the alternative that only the applicants on the list originally certified should be considered, with Glenwood allowed to consider only the information obtained prior to the time Severn was promoted, October of 1981.

The department and commission respond that the doctrine of primary jurisdiction precludes the court from making the initial determination of what remedy is appropriate. They contend that the commission, not the district court or this court, should formulate that remedy which will provide Glenwood with sufficient guidelines for promoting the most qualified applicant into the position of physical therapy aide. Persuasive Iowa authority supports that contention.

In *Security Savings Bank v. Huston,* 293 N.W.2d 249 (Iowa 1980), the Iowa Superintendent of Banking had determined that the town of Albion had no need for an additional bank office, but the district court reversed, finding that agency decision arbitrary and capricious. Because only one of the two banks seeking that office had requested judicial review of the agency decision, the district court directed the Superintendent to issue a certificate of permission to the petitioner to establish a bank office in that town. *Id.* at 250. We reversed and remanded the case to the agency in order that the Superintendent of Banking in further proceedings could consider applications for that banking office in conformity with applicable statutes and agency rules, stating:

> We leave open the question as to what other applications, if any, the Superintendent may consider at the time he fur-

ther considers Security's application. We decline the invitation by the parties to entertain this and any other questions not ruled upon by the Superintendent in the first instance.

*Id.* at 252. Just as the agency rather than the court had primary jurisdiction in *Huston* to complete the decision-making process with an appropriate remedy, so should the commission here decide what remedy is most appropriate. Not only in the finding of facts and interpretation of rules, but also in the fashioning of remedies, courts should defer to agency expertise and not in the first instance declare the rights of the parties. *Id.; see Johnston v. Iowa Real Estate Commission,* 344 N.W.2d at 240; *cf. City of Des Moines v. Des Moines Police Bargaining Unit Association,* 360 N.W.2d 729, 732 (Iowa 1985) (petition for declaratory ruling construing statutory scheme which agency administers must initially be presented to agency, not court).

 The district court should have remanded this case to the commission to formulate a remedy rather than itself deciding how Glenwood should proceed in correcting violations of the commission's rules.

 C. May Jurisdiction be Retained by District Court? At the conclusion of its judicial review decision, the district court provided:

> It is the further order of the court that this case be remanded back to the respondent agency, Glenwood State Hospital School, for a reselection of the position of physical therapy aide. The agency shall forward to the court a detailed report documenting all steps followed in the selection process, along with reasons for the selection and rejection of all applicants certified for the vacancy.

The department and commission correctly point out that principles of primary jurisdiction not only precluded the district court from selecting a remedy but also precluded it from supervising the remedial process in that manner. The commission, not the court, has been delegated the power to resolve grievances involving merit employees of state agencies under our merit sys-

tem. *See* Iowa Code § 19A.9(17) (1983). Courts may only exercise the authority derived from chapter 17A in reviewing agency decisions. When the court has completed its review and decided questions of law pursuant to Iowa Code section 17A.19(8), and then remanded the case to the agency where appropriate, the court ceases to have jurisdiction of the controversy.

In support of her contention that the district court could properly retain jurisdiction, Meads relies upon *Reiter v. Iowa Department of Job Service,* 327 N.W.2d 763 (Iowa Ct.App.1982). Her reliance upon that case is misplaced. In that contested case proceeding the district court had remanded the case to the agency before hearing on the petition for judicial review only for the purpose of obtaining additional evidence and giving the agency an opportunity to modify its decision. Such a remand is explicitly sanctioned in Iowa Code section 17A.19(7):

> Before the date set for hearing a petition for judicial review of agency action in a contested case, application may be made to the court for leave to present evidence in addition to that found in the record of the case. If it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the contested case proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision in the case by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court and mail copies of the new findings or decisions to all parties.

In the *Reiter* case, the Iowa Court of Appeals carefully distinguished such a limited remand authorized by statute from a district court's unauthorized supervision of the agency after a judicial review decision has been filed, as was the case here:

> It is important for our discussion to distinguish the remand contemplated in

Iowa Code § 17A.19(8) and the ability of the court to order the taking of further evidence under Iowa Code § 17A.19(7). The two are not synonymous. *Compare Cedar Valley Leasing, Inc. v. Iowa Department of Revenue,* 274 N.W.2d 357, 362 (Iowa 1979), *with Second Injury Fund v. Mich Coal Co.,* 274 N.W.2d 300, 304 (Iowa 1979). This court is not presented the issue of whether the district court retains jurisdiction when it remands under section 17A.19(8), but rather whether it retains jurisdiction when it orders the taking of additional evidence under section 17A.19(7). 327 N.W.2d at 765. We agree with that analysis and conclude that the district court exceeded its authority to review agency action when it undertook to supervise Glenwood's reselection of a person to be promoted.

IV. *Issues to be Decided on Remand.*

We remand this case to the commission for several purposes. First, because the district court correctly found that Glenwood had violated rule 10.1(1) in promoting Severn, the commission must select an appropriate remedy for that violation and direct Glenwood to promote the most qualified merit employee to that position.

Additionally the commission must now review the record developed by the parties at the contested case hearing and make findings of fact, conclusions of law, and a reasoned decision on the two questions which it did not previously decide: (1) whether Glenwood violated rule 10.1(4) pertaining to the required posting of job vacancy notices; and (2) whether Glenwood violated Iowa Code section 19A.19 which prohibits employers from furnishing employees secret employment information. If the commission finds that Meads has proved either or both of those violations, the commission must take into account such violations in formulating its remedy.

The remedy to be fashioned by the commission may but need not be consistent with the remedies suggested by Meads. The record before us does not disclose how the commission has in the past remedied other violations of merit commission rules governing the hiring and promotion of employees. Consistency in decision making is important. If the commission has previously formulated a fair remedy for similar violations, it may designate such a remedy in this case. It seems only fair, however, that Glenwood's previous violations which resulted in the promotion of Severn ought not be allowed to affect adversely the rights of Meads or other applicants for the position of physical therapy aide. The remedy which the commission selects in this case shall provide that Glenwood may not give Severn the benefit of experience she has gained working in this position, since that experience resulted directly from Glenwood's violations of at least one merit commission rule. The remedy the commission adopts must fairly protect the rights of Meads and other applicants in accordance with our statutory merit employment system. That remedy must also fully protect the right of the public to have this position, like all other merit positions in state employment, filled strictly on the basis of the comparative merit and fitness of interested applicants.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.