SIOUX ELECTRIC COOPERATIVE AS-
SOCIATION, Petitioner–Appellant,

v.

IOWA STATE COMMERCE COMMIS-
SION, now Iowa Utilities Board,
Respondent–Appellee,

Iowa Public Service Company,
Intervenor–Appellee,

Office of Consumer Advocate,
Intervenor–Appellee.

No. 87–372.

Court of Appeals of Iowa.

Jan. 27, 1988.

John T. Ward and Kerry Anderson of Wasker, Sullivan & Ward, Des Moines, for petitioner-appellant.

Patrick J. Nugent, Deputy Counsel, and Diane Munns, Asst. General Counsel, Iowa Utilities Bd., for respondent-appellee.

Suzan M. Stewart, Gen. Atty., Iowa Public Service Co., intervenor-appellee.

Alexis K. Wodtke, Office of Consumer Advocate, intervenor-appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Petitioner, Sioux Electric Cooperative Association (Sioux Electric), appeals the affirmance by the district court of the action of the Iowa State Commerce Commission (now the Iowa Utilities Board). The agency denied without an evidentiary hearing Sioux Electric's request to modify the exclusive service area boundaries between it and Iowa Public Service Company (IPS). Sioux Electric asserts it was error to deny it an evidentiary hearing.

The service area boundaries between Sioux Electric and IPS were established by the agency in 1979. In its Statement of Position, filed December 15, 1978, in conjunction with those proceedings, Sioux Electric stated it had no boundary disputes with any adjacent utilities, with the exception of the Sioux Center Municipal Utility. Sioux Electric did not have a dispute with IPS. In 1981, however, Sioux Electric built an electric line to serve the Dordt College Agricultural Stewardship farm, which was located within the exclusive service area of IPS.

IPS responded by filing a complaint against Sioux Electric pursuant to Iowa Code section 476.25(3). In its answer, Sioux Electric applied for modification of the boundaries between the two utilities. Ultimately, Sioux Electric filed a more specific statement to provide its reasons for alleging the boundaries were erroneously established. These reasons included alleged duplication of facilities, and confusion regarding the boundaries of the service areas due to alleged mapping errors. It is not disputed, however, the allegedly duplicative facilities were in existence in 1979 when the boundaries were established. Nor is it disputed the area which Sioux Electric seeks the right to serve through this proceeding has been in the exclusive service area of IPS since 1979.

The agency found the reasons of Sioux Electric to modify the service area boundaries were insufficient, even if entirely true, to justify a modification. Accordingly, it denied Sioux Electric's application without an evidentiary hearing. On judicial review, the district court upheld the denial of a hearing since the matter did not constitute a contested case under Iowa Code section 17A.2(2) and Sioux Electric failed to satisfy the requirements of 199 Iowa Administrative Code section 20.3(8)(b) (which provides for the commencement of a contested case proceeding to modify service area boundaries). This appeal followed.

A contested case under Iowa Code section 17A.2(2) is a proceeding "in which the legal rights, duties or privileges of a party

are required by Constitution or statute to be determined by an agency after an opportunity for an evidentiary hearing." *Id.* We first address whether the failure to grant Sioux Electric an evidentiary hearing on its application to modify service area boundaries constituted a denial of due process of law.

■ Due process does not require an evidentiary hearing with respect to controversies in which there is no relevant factual dispute between the agency and the party. *Peoples Nat. Gas Co. v. Iowa State Commerce Commission,* 382 N.W.2d 452, 456 (Iowa 1986). We find, as did the agency and the district court, the reasons raised by Sioux Electric to justify modification of the service area boundaries relate to conditions which existed before the boundaries were established in 1979. Sioux Electric does not suggest significant changes have occurred since that time; rather, it asserts the initial establishment of the boundaries was incorrect. Sioux Electric did not challenge the boundaries in 1979 and we find the agency was correct to deny such a challenge in the form of a modification application at this late date. Since there existed no relevant factual disputes between the agency and Sioux Electric regarding the boundary at issue which occurred since 1979, we conclude the failure to grant Sioux Electric an evidentiary hearing on its modification application was not a denial of due process.

■ We now address whether Sioux Electric was entitled to a hearing by statute. Iowa Code section 476.25(1) provides in pertinent part:

The board [Iowa Utilities Board], on its own motion or at the request of an electric utility or municipal corporation, after notice and opportunity for hearing, may modify the boundaries of an electric utility exclusive service area which it has previously established if this modification, including consideration of the factors noted in this subsection, is found to be in the public interest.

*Id.* This statute grants the agency discretion to decide whether to modify the service area boundaries. This discretion may, but need not, be exercised at the instigation of the agency or at the request of an electric utility or municipal corporation. If the agency chooses to modify the service area boundaries, it may only do so after notice and opportunity for hearing. Such notice and hearing are not required, however, if the agency declines to exercise its discretion, as in this case. We conclude the failure to grant Sioux Electric a hearing was not violative of Iowa Code section 476.-25(1).

The failure to grant Sioux Electric an evidentiary hearing on its modification application was not a violation of the Constitution or of any statute. This matter was not, therefore, a contested case under Iowa Code section 17A.2(2).

■ Sioux Electric asserts, in the alternative, it was nonetheless entitled to have this matter treated as a contested case under the provisions of 199 Iowa Administrative Code section 20.3(8)(b). This section provides:

Where a service area, or any part thereof, has been assigned to an electric utility, that service area is subject to modification through a contested case proceeding. Such a contested case proceeding may be commenced by filing with the board a Petition For Adjustment Of Service Area, or by the board on its own motion. Any electric utility, municipal corporation, or the board staff may file such a petition, which shall contain an exact description of the boundary or service area desired; a designation of the utilities involved in each boundary section; and a justification for the service area boundaries proposed. Such justification must include a statement of why the boundaries proposed are in the public interest.

Copies of the petition shall be served upon all utilities involved and those utilities shall be parties of record to the proceeding. The contested case shall be conducted according to the provisions of the Iowa Administrative Procedure Act and applicable board rules.

*Id.* The agency determined Sioux Electric's justifications for the proposed bound-

aries did not, even if true, support modification of the existing boundaries. The agency interprets its rule, therefore, to require the justifications to raise issues of material fact before the proceeding becomes a contested case. We give administrative agencies a reasonable range of informed discretion in the interpretation and application of its own administrative rules. *Meads v. Iowa Department of Social Services*, 366 N.W.2d 555, 558 (Iowa 1985). We are not, however, bound by the agency's interpretation; it is our duty to determine matters of law, including the interpretation of agency rules. *Des Moines Ind. Comm. School Dist. v. Department of Job Service*, 376 N.W.2d 605, 609 (Iowa 1985).

As we have noted above, the agency's action in this case was consistent with due process of law and Iowa Code section 476.-25(1). We find the agency's interpretation of its rule is well within the permissible range of its informed discretion. It was reasonable to require Sioux Electric to raise issues of material fact before granting it an evidentiary hearing on its modification application. Sioux Electric failed to do so. We conclude the agency was correct in denying Sioux Electric's application without an evidentiary hearing.

AFFIRMED.