**IN THE COURT OF APPEALS OF IOWA**

No. 13-0154
Filed May 14, 2014

**KEVIN KILGORE,**
        Petitioner-Appellant,

**vs.**

**IOWA STATE APPEAL BOARD,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, D.J. Stovall, Judge.


        Kevin Kilgore appeals the district court's dismissal of his petition for judicial review, which challenged the Iowa State Appeal Board's refusal to hold a hearing concerning Kilgore's protest of the Sun Valley Rural Improvement Zone budget for fiscal year 2013.  **JUDICIAL REVIEW DECISION AFFIRMED AND MOTION DENIED.**


        Kevin Kilgore, Diagonal, appellant pro se.

        Thomas J. Miller, Attorney General, Jeffrey S. Thompson, Deputy Attorney General, and Meghan Gavin, Assistant Attorney General, for appellee.


        Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**DOYLE, J.**

Kevin Kilgore was one of twelve signatories to a petition to protest the Sun Valley Rural Improvement Zone budget for fiscal year 2013.[1] The Iowa State Appeal Board ("Board") concluded the petition to protest lacked the requisite number of signatures and therefore did not schedule a protest hearing. Kilgore filed a petition for judicial review in the district court, and the Board's decision to deny the budget-protest hearing was affirmed by the district court. On appellate review, we agree the protest petition lacked the requisite number of signatures, and we therefore affirm the ruling of the district court.

### I. Background Facts and Proceedings.

The district court set forth the facts as follows:

> Kilgore and eleven other Ringgold County residents submitted a budget protest petition on March 23, 2012 to protest funding of the Sun Valley Rural Improvement Zone ("RIZ") in the 2013 Ringgold County budget. Of these twelve persons who signed the protest petition, five were residents of Diagonal, Iowa; four were residents of Clearfield, Iowa; one was a resident of Mt. Ayr, Iowa; and two were residents of Ellston, Iowa.
> On March 28, 2012, the Ringgold County Auditor sent a letter to the Iowa Department of Management, stating that, of the twelve signers of the protest petition, signers one through three and six through ten did not own property in the RIZ. The letter also stated that signers eleven and twelve did not own property in the RIZ. This left only the two signers of the petition from Ellston, Iowa who owned property in the RIZ.[2] [The Board[3]] sent Kilgore a letter on April 18, 2012, stating that "an insufficient number of individuals who signed the [protest petition] reside in, or own property in, the Sun Valley RIZ" and that as the requisite number of persons

---

[1] Iowa Code chapter 357H (2011) provides a procedure by which rural improvement zones may be created in counties "with a private lake development" and with populations below a certain threshold.

[2] The record before us does not reflect the boundaries of the Sun Valley RIZ, but a RIZ is a designated area surrounding a lake. Iowa Code § 357H.1(1). We do note Sun Valley Lake is located near Ellston, Iowa.

[3] The Board is within the Iowa Department of Management. Iowa Code § 24.26.

"affected by the proposed budget" did not sign the protest petition, no protest hearing would be scheduled.

Kilgore appealed the Board's decision to not hold a protest hearing by filing a petition for judicial review in the district court, and the matter was submitted to the court upon the parties' briefing.[4] According to the district court, Kilgore argued that "[a]ll eligible voters in [Ringgold] [C]ounty are authorized to sign a budget protest petition protesting the budget," and he asserted the requirement in Iowa Code section 384.19[5] that only "persons affected by the budget" may protest the budget includes any resident of Ringgold County and not just those residents who own property or reside within the RIZ. Kilgore further argued this was a "contested case" and therefore the Board was required to file a certified record under Iowa Code section 17A.19(6). Kilgore also raised six additional arguments.

After considering Kilgore's arguments and the Board's responsive arguments, the district court affirmed the Board's decision to deny the budget protest hearing. Additionally, it found the Board was not required to file a certified record, and it dismissed all of Kilgore's remaining issues on waiver grounds.

Kilgore now appeals.

---

[4] The parties' briefs to the district court are not a part of the record before us. *See* Iowa R. Civ. P. 1.442(4) ("No party shall file legal briefs or memoranda, except in support of or resistance to a motion for summary judgment, unless expressly ordered by the court").

[5] A RIZ is a special-purpose district, not a city. *See* Iowa Code § 362.2(4); *see also* 2000 Op. Iowa Att'y Gen., No. 00-11-2, 2000 WL 33258479, at *2 (Nov. 1, 2000). Thus, Kilgore's reference to section 384.19 was erroneous, as this provision applies only to protests to city budgets. *See* Iowa Code § 384.19.

## II. Standard of Review.

"Judicial review of agency actions is governed by Iowa Code chapter 17A. *Watson v. Iowa Dep't of Transp.*, 829 N.W.2d 566, 568 (Iowa 2013). The district court acts in an appellate capacity to correct errors of law on the part of an agency. *Bearinger v. Iowa Dep't of Transp.*, 844 N.W.2d 104, 105 (Iowa 2014). Our review is also for the correction of errors at law and not de novo. *See* Iowa R. App. P. 6.907. We apply the standards of chapter 17A to determine whether the conclusions we reach are the same as those of the district court. *Bearinger*, 844 N.W.2d at 105.

## III. Analysis.

### A. Petition.

Twelve Ringgold County residents signed the petition protesting the Sun Valley RIZ budget. The Board found "[v]erification of the signatures revealed an insufficient number of individuals who signed the petition reside in or own property in, the Sun Valley RIZ." Kilgore did not, and does not, dispute that ten of the twelve signatories to the protest petition did not reside in or own property within the Sun Valley RIZ. Kilgore contended before the district court—as he does here—that all residents of Ringgold County, not just those residing in or owning property within the RIZ, are "persons affected by the [RIZ] budget" and therefore eligible to protest the budget. Since more than ten Ringgold County residents "affected by the budget" signed the protest petition, he asserts the petition met the minimum statutory requirements. We disagree.

Chapter 24 of the Iowa Code is known as the "Local Budget Law." Iowa Code section 24.2(5) defines "municipality" as "a public body or corporation that

has the power to levy or certify a tax or sum of money to be collected by taxation, except a county, city, drainage district, township, or road district." A RIZ has the power to provide for the assessment of an annual levy of a standby tax upon all taxable property within the RIZ. *See* Iowa Code § 357H.8(4). We conclude a RIZ is a "municipality" as defined under section 24.2(5) and therefore the provisions of chapter 24 apply here.[6]

Iowa Code section 24.27 provides:

> Not later than March 25 . . . a number of persons in any municipality equal to one-fourth of one percent of those voting for the office of governor, at the last general election in the municipality, but the number shall not be less than ten, and the number need not be more than one hundred persons, who are affected by any proposed budget, expenditure or tax levy, or by any item thereof, may appeal from any decision of the certifying board or the levying board by filing with the county auditor of the county in which the municipal corporation is located, a written protest setting forth their objections to the budget, expenditure or tax levy or to one or more items thereof, and the grounds for their objections.

Furthermore, Iowa Administrative Code rule 543-5.5(2) mandates:

> For a budget or amendment appeal for all local governments other than a city, the protest must be signed by a number of persons in the municipality (local government) equal to one-fourth of 1 percent of those voting for the office of president of the United States or governor, as the case may be, at the last general election in said municipality, but the number shall not be less than 10, and the number need not be more than 100 persons.

So, for a written protest to be valid it must meet the following prerequisites: (1) the petition must be timely filed with the county auditor, (2) the petition must be signed by a minimum number of persons as calculated under the statutory formula, but in any event, no less than ten; (3) the signatories must be in the

---

[6] On appeal, Kilgore does not challenge application of the provisions of Iowa Code chapter 24.

municipality proposing the budget, expenditure, or tax levy, (4) the signatories must be affected[7] by the proposed budget, expenditure or tax levy, and (5) the petition must set forth the objections and the grounds therefore. *See* Iowa Code § 24.27; Iowa Admin. Code r. 543-5.5(2). If any one of these prerequisites is not met, the Board need not consider the protest petition. *See* Iowa Code § 24.27.

The protest petition here was a non-starter from the get-go. Asserting all residents of Ringgold County are "affected" by the Sun Valley RIZ budget, Kilgore claims all residents of Ringgold County are therefore qualified to sign the petition. That is simply not so. Only those persons "in the municipality" are qualified to sign the petition, and, as noted above, the word "municipality" in the statute necessarily refers to the municipality which proposes the budget, expenditure, or tax levy. *See id.* §§ 24.2(5), 24.27. The statute specifically excludes "county" from the definition of "municipality." *Id.* § 24.2(5). We agree with the district court that Ringgold County residents outside the Sun Valley RIZ are not eligible objectors to the Sun Valley RIZ proposed budget, and their signatures are not to be counted towards the minimum number of signatures required. Because the protest petition here was signed by only two eligible objectors, far short of the required ten, it is patently obvious the petition is fatally defective for an insufficient number of signatures. Therefore, it is not necessary to address whether or not signatories to the petition were "affected" by the budget. Accordingly, we affirm the district court's ruling affirming the Board's decision to deny the budget protest hearing.

---

[7] The statute does not define "affected."

### B. Agency Record.

Kilgore's request to have the agency transfer a certified record was properly rejected by the district court because this case is not a contested case, and therefore, it falls outside of Iowa Code section 17A.19(6).[8] *See Polk Cnty. v. Iowa State Appeal Bd.*, 330 N.W.2d 267, 276-77 (Iowa 1983). We find no error in the district court's rejection of this request by Kilgore.

### C. District Court's Dismissal of Newly Raised Issues.

Kilgore also asserts the district court erred in refusing to adjudicate the six other issues raised in his judicial review briefs. He asserts: "The statutory process of appeal allows an appeal to wind its way through the court system—adding issues at every stage of the process (or not)—until every issue brought to each individual court is finally adjudicated." Nothing is further from the truth.[9]

It is Error Preservation 101 that issues not adjudicated by an agency will not be entertained by a court on judicial review. *See KFC Corp. v. Iowa Dep't of Revenue*, 792 N.W.2d 308, 329 (Iowa 2010) ("When an agency fails to address an issue in its ruling and a party fails to point out the issue in a motion for rehearing, we find error on these issues has not been preserved."); *Meads v. Iowa Dep't of Soc. Servs.*, 366 N.W.2d 555, 559 (Iowa 1985) ("The district court may only review issues considered and decided by the agency."). Further, we do not review or entertain issues that were not ruled upon by the district court and that were not brought to the district court's attention through a proper posttrial

---

[8] We have previously rejected this argument by Kilgore. *See Kilgore v. Iowa State Appeal Bd.*, No. 12-1982, 2013 WL 1751293 (Iowa Ct. App. April 24, 2013).

[9] We have also previously explained our error preservation rules to Kilgore, and we have rejected those claims he failed to properly preserve. *See Kilgore v. Lumbard*, No. 12-2146, 2013 WL 3871092, at *2-3 (Iowa Ct. App. July 24, 2013).

motion. *Meier v. Senecaut,* 641 N.W.2d 532, 540 (Iowa 2002). Moreover, Kilgore fails to even set forth or argue the six other issues in his appellate briefing. The Iowa Rules of Appellate Procedure do not allow incorporation by reference, and failure to cite authority can be deemed waiver of an issue. *See* Iowa R. App. P. 6.903(2)(g); *see also EnviroGas, L.P. v. Cedar Rapids/Linn Cnty. Solid Waste Agency*, 641 N.W.2d 776, 785 (Iowa 2002) (noting a random mention of an issue, without elaboration or supportive authority, is not sufficient to raise the issue for our review). Accordingly, we affirm the districts court's dismissal of the six issues for failure to raise them before the Board.

### D. Newly Raised Issue on Appeal.

Kilgore also raises a brand new issue for the first time on appeal. He asserts: "There is no statutory basis for private attorneys to be hired at government expense to prosecute or defend government entities or government officials in an appeal, and government expenditure for public monies to hire private attorneys for the purpose constitutes error on the part of the government entity." Not having been raised and decided below, we refuse to consider the argument. *See Meier*, 641 N.W.2d at 540.

### E. Kilgore's Motion.

We are also in receipt of Kilgore's "Motion to Amend/Modify Record by Submission of Documents," filed April 14, 2014. We have considered the motion and find that it should be denied.

*IV. Conclusion.*

For all of the foregoing reasons, we affirm the district court's ruling on judicial review affirming the Board's decision, and we deny Kilgore's motion to amend.

**JUDICIAL REVIEW DECISION AFFIRMED AND MOTION DENIED.**