# IN THE COURT OF APPEALS OF IOWA

No. 15-1451
Filed November 23, 2016

**MT. PLEASANT MUNICIPAL UTILITIES,**
     Plaintiff-Appellee,

**vs.**

**IOWA UTILITIES BOARD,**
     Defendant-Appellant.

_____

     Appeal from the Iowa District Court for Henry County, Lucy J. Gamon, Judge.

     The Iowa Utilities Board appeals the district court's decision on a statutory question and remand to the board. **APPEAL DISMISSED.**

     David J. Lynch, General Counsel, and Cecil I. Wright, Assistant General Counsel, Des Moines, for appellant.

     Ivan T. Webber and James R. Wainwright of Ahlers & Cooney, P.C., Des Moines, for appellee.

     Heard by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

We must decide whether an appeal is moot and whether we should consider the appeal under an exception to the mootness doctrine.

*I. Background Proceedings*

Mount Pleasant Municipal Utilities refused to provide a city resident utility service until she paid an outstanding bill. The woman filed a complaint with the Iowa Utilities Board. The board issued an informal "proposed resolution" letter requiring "Mount Pleasant to offer [the woman] a six-month payment agreement, if [she] would still want utility service in [her] name." The letter stated, "If any party disagrees with the proposed resolution, that party may request a formal proceeding with the Board."

Mount Pleasant requested a formal proceeding to address whether the utility could statutorily deny service based on the outstanding bill or whether it had to connect service and afford the woman a payment plan on the outstanding bill. The board denied the request for a formal proceeding to litigate this statutory question.

Mount Pleasant sought judicial review of the agency decision. *See* Iowa Code § 17A.19 (2015). The district court ruled for Mount Pleasant on the statutory question and remanded the case for a formal proceeding to dismiss the complaint. The board appealed and the appeal was transferred to this court for disposition.

After the notice of appeal was filed, Mount Pleasant notified the court that the woman who sought utility service had paid the outstanding bill. The utility acknowledged the payment "appear[ed] to eliminate the factual basis for the

dispute" with the Iowa Utilities Board. Mount Pleasant nonetheless asked this court to "exercise its discretion to decide [the appeal]" on the ground that the appeal "presents issues of public importance to municipal utilities and their customers." The board filed a resistance, arguing the appeal was moot because a decision would "have no practical legal effect upon any existing controversy." The board requested "the Court dismiss this appeal."[1]

## II. Mootness

We begin and end with the mootness question. An appeal "is moot if it no longer presents a justiciable controversy." *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015) (citation omitted). This appeal no longer presents a justiciable controversy because the potential customer paid the outstanding bill on which the statutory question was predicated. There is no need for a payment plan and no need for a formal proceeding before the agency to address the board's requirement of a payment plan.

Mount Pleasant insists the dispute is one of broad public importance. *See In re B.B.*, 826 N.W.2d 425, 428-29 (Iowa 2013) ("[O]ne exception [to the mootness doctrine] permits appellate review of otherwise moot issues when the issue is one of broad public importance likely to recur."); *State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002) (considering factors for deciding whether to review a moot claim). In its view, the issue of whether a utility may statutorily withhold service until an outstanding bill is paid—rather than connect

---

[1] The board did not dismiss its appeal of its own accord. *See* Iowa Ct. R. 6.1201(1) ("An appeal may be voluntarily dismissed by the party who filed the appeal at any time before a decision is filed by either the supreme court or the court of appeals.").

service and afford the customer a plan to repay the past-due bill—is one that will affect municipal electric and natural gas utilities around the State. The board essentially concedes the importance of this statutory issue, but points out that the agency intends to address it in a rulemaking proceeding, which will allow "[a]ll interested persons, including M[ount] Pleasant and the Iowa Association of Municipal Utilities" to weigh in.

We need not decide whether a rule making proceeding at some later date is grounds for foregoing a decision on the statutory question at this time because the statutory question both sides seek to resolve would not be before us even if we were to consider this moot appeal. As noted, the agency decision from which Mount Pleasant appealed was the denial of a formal proceeding. The only issue on judicial review, then, was whether the agency erred in denying Mount Pleasant's request for a formal proceeding.[2] The statutory question concerning the utility's ability to deny service pending payment was not formally addressed by the agency, was not properly before the district court on judicial review, and is not properly before us. *See State ex. rel. Miller v. DeCoster*, 608 N.W.2d 785, 791 (Iowa 2000) (noting that, under the doctrine of primary jurisdiction, "courts will not determine a controversy involving a question which is within the jurisdiction of an administrative tribunal or agency prior to the solution of that question by the administrative tribunal" in certain enumerated circumstances" citation omitted)); *City of Waukee v. City Dev. Bd.*, 514 N.W.2d 83, 90 (Iowa 1994) ("[T]he doctrine of primary jurisdiction compels us to leave the resolution of

---

[2] We recognize the district court decided the statutory question. The court's authority was limited to "issues considered and decided by the agency." *Meads v. Iowa Dep't of Soc. Servs.*, 366 N.W.2d 555, 559 (Iowa 1985).

the merits of this controversy to the CDB."); *see also Iowa Ins. Inst. v. Core Grp. of Iowa Ass'n for Justice*, 867 N.W.2d 58, 68 (Iowa 2015) (noting "[t]he legislature has granted agencies multifaceted authority," which they exercise "when deciding contested cases; and . . . when they promulgate rules and rule on petitions for declaratory orders").

We conclude the appeal is moot and the only underlying issue that would properly be before us—whether the agency should have granted a formal proceeding—is not one of public importance warranting review of this moot appeal.  The appeal is dismissed.

**APPEAL DISMISSED.**