MAY CONSTRUCTION, Employer and United Fire & Casualty Company, Insurance Carrier, Petitioners-Appellants,

v.

Marvin WOOLDRIDGE, Respondent-Appellee.

No. 85–286.

Court of Appeals of Iowa.

Jan. 29, 1986.

Timothy McCarthy and Paul Moser, Des Moines, for petitioners-appellants.

Dennis L. Hanssen of Hopkins & Huebner, Des Moines, for respondent-appellee.

Considered by OXBERGER, C.J., and SNELL and HAYDEN, JJ.

HAYDEN, Judge.

Petitioners appeal from the district court decision affirming the industrial commissioner's denial of their request to present additional evidence. We affirm.

In July 1979, Marvin Wooldridge sustained work-related injuries. Pursuant to a memorandum agreement filed by petitioners, Wooldridge was paid weekly benefits through November 1982. Wooldridge filed a petition for review reopening and a hearing was held on the matter in January 1983; the case was fully submitted at that time.

Two months later, petitioners filed an application to take additional testimony, citing the fact that the employer's insurance company had received new information from Wooldridge's girlfriend, Nancy Kotalik. The deputy commissioner denied the request and the industrial commissioner affirmed this decision on appeal. It was reasoned that no good cause had been shown why the evidence could not have been discovered prior to the original hearing.

On judicial review the trial court entered an order remanding the case to the industrial commissioner. In its order, the court stated that the decision denying the application for additional evidence was not supported by any specific evidence. The court further stated that an evidentiary hearing should be granted by the industrial commissioner in order to make specific findings as to the availability of Kotalik at the time of the original hearing.

During the remand proceeding, petitioners attempted to offer certain exhibits into evidence, including a transcript of a conversation with Wooldridge's former girlfriend. Wooldridge objected on the grounds of hearsay and inability to cross-examine the witness; the objections were sustained.

The deputy industrial commissioner found that petitioner knew of Nancy Kotalik and could have contacted her prior to the original hearing. It was once again concluded that petitioners failed to show good cause why the additional evidence could not have been presented at the time of the original hearing.

The decision was affirmed by the industrial commissioner and on judicial review. Petitioners have appealed.

Our review of this action is governed by the Administrative Procedure Act. The relevant inquiry is whether the district court made errors of law when it reviewed the agency action under 17A.19. *Woods v.*

*Iowa Department of Job Service,* 315 N.W.2d 838, 840 (Iowa Ct.App.1981). In order to make that determination we apply the standards of section 17A.19(8) to the agency decision to determine whether this court's conclusions are the same as those of the district court. *Peoples Memorial Hospital v. Iowa Civil Rights Commission,* 322 N.W.2d 87, 91 (Iowa 1982). We are bound by the agency's findings of fact if they are supported by substantial evidence. *New Homestead v. Iowa Department of Job Service,* 322 N.W.2d 269, 270 (Iowa 1982). However, neither this court nor the district court is bound by the agency's legal conclusions. *Green v. Iowa Department of Job Service,* 299 N.W.2d 651, 655 (Iowa 1980).

The error alleged in this appeal concerns the Industrial Commissioner's exclusion of the recorded statement of Nancy Kotalik during the "newly discovered evidence" hearing. It is claimed that the exclusion of Kotalik's statement violated Iowa Code section 17A.14. We disagree.

Iowa Code section 17A.14(1) and (3), provide:

1. Irrelevant, immaterial, or unduly repetitious evidence should be excluded. A finding shall be based upon the kind of evidence on which reasonably prudent persons are accustomed to rely for the conduct of their serious affairs, and may be based upon such evidence even if it would be inadmissible in a jury trial. Agencies shall give effect to the rules of privilege recognized by law. Objections to evidentiary offers may be made and shall be noted in the record. Subject to these requirements, when a hearing will be expedited and the interests of the parties will not be prejudiced substantially, any part of the evidence may be required to be submitted in verified written form.

3. Witnesses at the hearing, or persons whose testimony has been submitted in written form if available, shall be subject to cross-examination by any party as necessary for a full and true disclosure of the facts.

 Application of these principles reveals that Kotalik's statement was properly excluded. The record indicates that petitioners were attempting to submit an unsworn recorded statement on the date of the hearing which had not been previously furnished to Wooldridge. There was no showing concerning the unavailability of the witness; nor was the witness subjected to cross-examination.

We recognize that administrative agencies are not bound by the technical rules of evidence, such as the hearsay rule. Yet this does not mean agencies are required to admit hearsay evidence. In the present case, the evidence in question was not the kind of evidence reasonably prudent persons are accustomed to rely for the conduct of their serious affairs. Thus, it was properly excluded.

AFFIRMED.