Michael E. **ABEL**, Steven C. Bell, et al., Petitioners–Appellants,

v.

**DEPARTMENT OF PERSONNEL,** Respondent–Appellee.

No. 88–1363.

Court of Appeals of Iowa.

June 15, 1989.

Charles E. Gribble of Sayre & Gribble, Des Moines, for petitioners-appellants.

Thomas J. Miller, Atty. Gen., and Theresa O'Connell Weeg, Asst. Atty. Gen., for respondent-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Petitioners appeal the decision of the district court which affirmed the Classification Appeal Committee's denial of petitioner park rangers' request to be reclassified as Public Service Executive I's. Petitioners claim the decision of the committee is: not supported by substantial evidence; unreasonable, arbitrary, and capricious; in excess of statutory authority because it does not contain findings of fact and conclusions of law separately stated nor conclusions of law supported by cited authority nor a reasoned opinion.

Petitioners are employed by the Iowa Department of Natural Resources as Park Ranger II's and Park Ranger III's. Each petitioner is responsible for the operation of one of the Iowa state parks. They are currently at pay grade 26. In March 1987, petitioners made a request to the Iowa Department of Personnel asking to be reclassified as Public Service Executive I's (PSE I's), which is at pay grade 29. A personnel officer denied the request on the ground the PSE classification was designed for the generalist who used primarily managerial skills while the Park Ranger classification was designed for positions which required the supervision of subordinates but also required a great deal of technical knowledge. Park Rangers were not expected to set policy and their area of responsibility was limited to the park assigned. Petitioners sought a second review. The personnel officer again denied the request to reclassify petitioners' job classification.

Petitioners appealed the department's decision to the Classification Appeal Committee. The committee affirmed the department, finding that petitioners are peace officers and a majority of their work involved the application and enforcement of laws and conservation regulations. Also, their subordinates, park attendants and conservation aides, rely on the park rangers for technical expertise and direction. Petitioners filed a petition for judicial review. The district court affirmed the decision of the department. The court found there was substantial evidence to support a finding the park rangers were primarily technical personnel and not managers/supervisors. The decision was not unreasonable or arbitrary because the committee complied with Iowa Administrative Code Rule 581–3.3(3). Furthermore, the agency complied with Iowa Code section 17A.16(1) because its findings of fact and conclusions of law were readily apparent, if not obvious.

Petitioners appeal the decision of the district court. The park rangers contend the committee's decision is not supported by substantial evidence because the department did not introduce any evidence. They state the evidence clearly shows they supervise others and are involved in management decisions. Petitioners argue the committee's decision is unreasonable and arbitrary because they are considered supervisors and are excluded from the Public Employment Relations Act. The park rangers feel they fulfill the job description of a PSE I. Finally, under section 17A.16(1), a final decision of an agency must include findings of fact and conclusions of law, separately stated. The decision of the committee was a one-page letter which did not have separate findings and conclusions.

Our review of this action is governed by the Administrative Procedure Act. The relevant inquiry is whether the district court made errors of law when it reviewed the

agency action under section 17A.19. *May Construction v. Woolridge*, 386 N.W.2d 139, 140 (Iowa App.1986). In order to make the determinations, we apply the standards of section 17A.19(8) to the agency decision to determine whether this court's conclusions are the same as those of the district court. *Id.* at 141. We are bound by the agency's findings of facts if they are supported by substantial evidence. *Id.*

We do not reach the merits in this action, but rather remand the action to the agency for reconsideration of this action, with directions to make findings of fact and conclusions of law on whether Park Rangers II and III should be classified as public service executive I's, in accordance with section 17A.16(1) of the Iowa Administrative Procedure Act. In the absence of such findings, we deem the administrative record inadequate for judicial review. *See Brown v. Public Employment Relations Bd.*, 345 N.W.2d 88 (Iowa 1984).

The final decision of an agency must "... include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit state of the underlying facts supporting the findings.... Each conclusion of law will be supported by cited authority or by a reasoned opinion." Iowa Code § 17A.16(1). This section was simply not adhered to in this case.

The Classification Appeal Committee was mandated to follow administrative rules in making its decision. The pertinent rule states:

> In determining the class to which a position is assigned, consideration shall be given to the position's duties and responsibilities, and its relationship to other positions in the classes.

Iowa Adm.Code, r. 581–3.3(3) (1987).

No meaningful comparison was made in any of three proceedings which took place within the agency. Instead, the appellants received "form letters" which included conclusory statements that their positions did not classify as Public Service Executive I.

Our courts have consistently required such findings as a necessary prerequisite to judicial review. *Brown v. Public Employment Relations Bd.*, 345 N.W.2d 88, 93 (Iowa 1984); *Johnston v. Iowa Real Estate Commission*, 344 N.W.2d 236, 238 (Iowa 1984). Clearly, the parties, the district court, and the appellate court, are entitled to the reasons by the conclusions of the agency. *Id.* The reason for statutory requirements such as those found in section 17A.16 were concisely stated by the supreme court in Brown:

> The practical reasons for requiring administrative findings are so powerful that the requirement has been imposed with remarkable uniformity by virtually all federal and state courts, irrespective of a statutory requirement. The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearing and judicial review, and keeping agencies within their jurisdiction.

*Brown*, 345 N.W.2d at 93 (quoting 2 K.Davis, Administrative Law Treatise § 16.05 (1958)).

In remanding this issue to the Iowa Department of Personnel for redetermination—which will include a detailed findings of fact and conclusions of law—we point out the defendant's rights to appeal begin anew. Thus, they are entitled to all available agency appeals as well as those within the courts.

In addition, we note the district court should have remanded this case to the agency for further findings. We consequently vacate the district court's order and remand this case to the department of personnel with instructions outlined above.

DECISION OF DISTRICT COURT VACATED; REMANDED WITH DIRECTIONS.