**Michael E. ABEL, et al., Appellants,**

v.

**IOWA DEPARTMENT
OF PERSONNEL,
Appellee.**

No. 90–1011.

Supreme Court of Iowa.

July 17, 1991.

Bonnie J. Campbell, Atty. Gen., and Theresa O'Connell Weeg, Asst. Atty. Gen., for appellee.

Charles E. Gribble of Sayre & Gribble, P.C., Des Moines, for appellants.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, SNELL, and ANDREASEN, JJ.

PER CURIAM.

Petitioners, park rangers, appealed from a district court judgment affirming the Iowa Department of Personnel's decision rejecting their request to have their positions as Park Rangers 2 and 3 reclassified as Public Service Executive 1. The court of appeals reversed and remanded, directing that the rangers be classified as Public Service Executive 1. We granted further review. We now vacate the court of appeals decision and affirm the judgment of the district court.

Petitioners are park rangers employed by the Iowa Department of Natural Resources. They currently hold positions classified as Park Ranger 2 and Park Ranger 3. Both positions are in pay grade 26. Each ranger is responsible for running one of Iowa's state parks, which range from 100 to 500 acres. Their duties include the allocation of staff and resources to park projects, authorization of expenditures, and the supervision of park attend-

ants and conservation aides. The park rangers are also peace officers.

In March 1987 the park rangers made a request to the Iowa Department of Personnel seeking to be reclassified to Public Service Executive 1 (PSE1). Persons classified as PSE1 are in pay grade 29. The six park district supervisors, who supervise the park rangers, are classified as Public Service Executive 2 and are at pay grade 32. The Classification Appeal Committee of the Department of Personnel denied their request. On judicial review, the district court affirmed. The park rangers then appealed. The court of appeals remanded to the committee with directions to make detailed findings of fact and conclusions of law. *Abel v. Department of Personnel*, 445 N.W.2d 385 (Iowa App.1989).

On remand the committee concluded that where program and technical functions are predominant and supervisory/managerial skills are "secondary" in importance, classification as a PSE1 is not appropriate. The committee found that park rangers must have technical expertise because their job involved the interpretation, application, and enforcement of laws and conservation regulations. The committee determined that petitioners were properly classified as park rangers. On judicial review, the district court affirmed. The park rangers appealed.

The court of appeals found that there was not substantial evidence in the record to support the findings of the department. The court also concluded that the agency's decision was arbitrary, unreasonable, and capricious. The court thus reversed and remanded the case to the personnel department with instructions that the petitioners be reclassified as PSE1. We granted further review.

■ Judicial review of an agency's decision in a contested case is governed by Iowa Code section 17A.19(8) (1989). Our review is therefore limited to determining whether the district court correctly applied the law in exercising its judicial review function. *Brown v. Public Employment Relations Bd.*, 345 N.W.2d 88 (Iowa 1984). In order to make that determination, we

apply the standards in section 17A.19(8) to the agency action to determine whether our conclusions are the same as those of the district judge. *Id.* at 93.

■ We will reverse an agency decision in a contested case if it is unsupported by substantial evidence in the record made before the agency when viewed as a whole. Iowa Code § 17A.19(8)(f). In sum, we recognize that our role on judicial review is strictly circumscribed and that the public interest demands we keep our judicial hands off administrative judgment calls. *Morrison v. Century Eng'g*, 434 N.W.2d 874, 876 (Iowa 1989). Keeping these principles in mind, we now turn to the case at hand.

The final agency decision we now review was the culmination of a decision-making process that has involved three separate reviews of the park rangers' request and four decisions. The record includes evidence offered by the rangers as well as a number of documents relating to the description of the park ranger position and of the PSE1 classification. A supervisory analysis questionnaire completed by the park rangers was also included. Throughout the proceedings, numerous questions were asked by the agency representatives given the authority to make the classification decision.

On balance, though, this case rests on whether there is substantial evidence to support the agency's conclusion that the managerial and supervisory functions performed by park rangers are not of a sufficient level to justify reclassification of their position to a PSE1. This decision is not easily quantifiable nor is it susceptible to an easy bright line test. Given these difficulties, we are mindful that Iowa Code chapter 19A gives the Department of Personnel, and not the courts, the mandate to determine the proper classification of state jobs. Given this mandate, we recognize that courts should defer to the expertise of the agency in carrying out the agency's statutory functions. *McClure v. Iowa Real Estate Comm'n*, 356 N.W.2d 594, 597 (Iowa App.1984). This does not mean, however, that courts should abdicate their role

in ensuring that agency decisions comply with the applicable rules and are supported by the record.

Within our limited framework for review, we believe the record as developed throughout the pendency of this case is sufficient to support the agency's denial of the park rangers' request to reclassify their position. We therefore vacate the court of appeals decision and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.