Linda JOHNSON, Appellant,

v.

HEARTLAND SPECIALTY
FOODS, Appellee.

No. 02–1285.

Supreme Court of Iowa.

Oct. 8, 2003.

Rehearing Denied Dec. 12, 2003.

Jason D. Neifert of Max Schott & Associates, P.C., Des Moines, for appellant.

Maureen Roach Tobin of Whitfield & Eddy, P.L.C., Des Moines, for appellee.

CARTER, Justice.

Linda Johnson, a workers' compensation claimant, appeals from a decision on judicial review upholding the Industrial Commissioner's determination that her claim is barred by the statute of limitations. After reviewing the record and considering the arguments presented, we reverse the judgment of the district court and remand the matter to the agency for further proceedings.

On May 30, 1995, the claimant was involved in a physical altercation with a coemployee in the workplace. She claims she was assaulted without provocation on

her part. As a result of the altercation, claimant was suspended without pay for the rest of that working day. On June 6, 1995, claimant was seen by a doctor who determined that she was experiencing "anxiety-related problems related to work." He advised the claimant not to work for two weeks and placed her on an anxiety medication. He also advised her to seek the services of a psychiatrist or psychologist.

Claimant was seen by a psychologist on June 29, 1995. On July 28, 1995, the psychologist wrote claimant's employer and advised that she was suffering from depression and anxiety and was not yet able to return to work. He later sent an additional report to claimant's employer indicating the following:

1. I do believe that the work incident at Heartland Specialty Foods when Linda was attacked by a coworker was a substantial factor in bringing about the treatment which she sought beginning in June of 1995.

2. The ongoing treatment which I am providing to her is related to her work incident of June, 1995.

3. I regard it as extremely unlikely that Linda will be able to return to the workforce.

At the time of the workers' compensation arbitration hearing, claimant had not returned to work in any capacity since June of 1995.

Prior to seeking an arbitration hearing on her disability claim, claimant's attorney corresponded with claimant's employer concerning the facts of the case. In its written responses to those inquiries, the employer indicated on two occasions that the initial trauma had occurred on June 6, 1995. Relying on that date, claimant's attorney calculated the period of limitations as being two years from June 6, 1995. After the workers' compensation petition

and original notice was filed on June 2, 1997, it was determined that the date of the altercation had actually been May 30, 1995.

■ Initially, the Industrial Commissioner disposed of the claim adversely to claimant on a motion for summary judgment. That ruling determined that the claim was barred because the proceeding was not commenced within two years from the date of the occurrence of the injury for which benefits were claimed as required by Iowa Code section 85.26(1). That determination was overturned on judicial review. In the subsequent arbitration hearing, the claim was again denied based on the employer's statute-of-limitations argument under section 85.26(1). In so ruling, the Industrial Commissioner rejected claimant's assertion of estoppel based on the misinformation provided by the employer as to the date of the traumatic event. The ruling that the case was barred by the statute of limitations was upheld on judicial review.

In seeking to overturn the decision of the Industrial Commissioner and the district court, claimant urges that her mental injury should be separated from the physical injury and that the accrual of her claim should not be found to have occurred until she had obtained knowledge that her mental condition prevented her from returning to work. That claim was rejected by the Industrial Commissioner and the district court, based on their analysis of *Swartzendruber v. Schimmel,* 613 N.W.2d 646 (Iowa 2000).

In *Swartzendruber* the claimant had alleged that a known traumatic event produced an immediately known injury and a latent injury that later developed into a substantial disability. We held that, because there was an immediately known physical injury, the time for the filing of a

formal workers' compensation claim began to run from the occurrence of that event and was not tolled because of the claimant's lack of awareness of the latent condition. The employer urges that *Swartzendruber* governs the present situation. We disagree.

 Under the discovery rule, the time within which a proceeding must be commenced does not begin to run until the claimant, as a responsible person, should recognize the nature, seriousness, and probable compensable character of the condition. *Orr v. Lewis–Cent. Sch. Dist.,* 298 N.W.2d 256, 261 (Iowa 1980). Claimant must know enough about the condition to realize that it is compensable. *Id.; Mousel v. Bituminous Material & Supply Co.,* 169 N.W.2d 763, 766 (Iowa 1969). In the *Swartzendruber* case, the nature of the initial traumatic event was such that the claimant should have realized it produced a compensable injury to some extent. We believe such knowledge is lacking in the present case. The claimant's initial absence from work was the result of a suspension imposed by her employer. There is no indication that she sustained any disabling physical injury as a result of the alleged assault upon her. Her first knowledge that she was suffering from a compensable condition appears to have come from her visit to the doctor on June 6, 1995. We are satisfied that the discovery rule serves to delay the commencement of the period of limitations until that date.

■ Although we would ordinarily remand this case to the Industrial Commissioner to make the requisite findings of fact concerning the lack of a prior compensable physical injury, the employer's argument concedes that there was no prior compensable physical injury. The only compensable injury is the mental injury caused by a traumatic event that was not itself compensable as a physical injury.

Accordingly, we determine as a matter of law that under the discovery rule claimant's case is not barred by section 85.26(1). The proceeding is remanded to the Industrial Commissioner for further proceedings on the claim that are not inconsistent with this opinion.

**REVERSED AND REMANDED.**