## HEARTLAND SPECIALTY FOODS and Allied Group Insurance, Petitioners–Appellees,

v.

## Linda JOHNSON, Respondent–Appellant.

No. 06–0399.

Court of Appeals of Iowa.

Feb. 14, 2007.

Jason D. Neifert of Max Schott & Associates, P.C., Des Moines, for appellant.

Maureen R. Tobin and Erik S. Fisk of Whitfield & Eddy, P.L.C., West Des Moines, for appellee.

Considered by SACKETT, C.J., and HUITINK and MAHAN, JJ.

HUITINK, J.

Linda Johnson appeals the district court decision remanding her workers' compensation claim back to the commissioner for additional fact finding and analysis. We reverse the district court decision and affirm the commissioner's decision awarding benefits.

## I. Facts and Prior Proceedings

On May 30, 1995, Johnson was involved in a physical altercation with a co-worker at her workplace. Her employer, Heartland Specialty Foods (Heartland), sent her home after the incident. One week later, Johnson's family doctor determined she was experiencing "anxiety-related problems related to work." Subsequently, Johnson was treated by a psychologist and a psychiatrist. Johnson has been unable to return to work because of her mental state and condition.

Johnson filed a workers' compensation petition on June 2, 1997, alleging a physical/mental injury to the body as a whole. Initially, the workers' compensation commissioner disposed of the claim on a motion for summary judgment, finding that the claim was barred because the proceeding was not commenced within two years from the date of the occurrence of the injury. On judicial review, the district court overturned the motion for summary judgment and remanded for further proceedings. After a full arbitration hearing, the commissioner once again determined the case was barred by the statute of limitations. This ruling was upheld on judicial review by the district court. Johnson appealed.

The Iowa Supreme Court found Johnson's claim was not time barred by Iowa Code section 85.26(1) (1995). *Johnson v. Heartland Specialty Foods,* 672 N.W.2d 326, 328 (Iowa 2003). In so ruling, the court stated,

Under the discovery rule, the time within which a proceeding must be commenced does not begin to run until the claimant, as a responsible person, should recognize the nature, seriousness, and probable compensable character of the condition. Claimant must know enough about the condition to realize that it is compensable.... There is no indication that [Johnson] sustained any disabling physical injury as a result of the alleged assault upon her. Her first knowledge that she was suffering from a compensable condition appears to have come from her visit to the doctor on June 6, 1995. We are satisfied that the discovery rule serves to delay the commencement of the period of limitations until that date.

Although we would ordinarily remand this case to the Industrial Commissioner to make the requisite findings of fact concerning the lack of a prior compensable physical injury, the employer's argument concedes that there was no prior compensable physical injury. The only compensable injury is the mental injury caused by a traumatic event that was not itself compensable as a physical injury. Accordingly, we determine as a matter of law that under the discovery rule claimant's case is not barred by section 85.26(1).

*Id.* After concluding Johnson's claim survived the statute of limitations challenge, the court "remanded to the Industrial Commissioner for further proceedings on the claim that are not inconsistent with this opinion." *Id.*

The commissioner delegated final agency authority to the deputy commissioner to issue a decision based upon the existing record. Upon remand, the deputy made the following findings of fact and conclusions of law: (1) Johnson sustained a physical injury which arose out of and in the course of her employment, (2) the physical injury was a substantial factor in precipitating the mental health treatment and caused Johnson's present mental condition, (3) Johnson is permanently and totally disabled, (4) Johnson was not injured as a result of a willful injury on her part, and (5) Johnson was entitled to benefits.

Heartland sought judicial review with the district court, arguing the mental injury was not compensable because, alternatively, (1) it was pled as a physical-mental injury claim and without a "compensable" physical injury there is no claim; (2) the mental injury fails to meet the legal causation element of the test set forth in *Dunlavey v. Economy Fire & Casualty Co.*, 526 N.W.2d 845, 851 (Iowa 1995); or (3) the mental injury fails to meet the "manifest happening of a sudden traumatic nature from an unexpected or unusual strain" test set forth in *Brown v. Quik Trip Corp.*, 641 N.W.2d 725, 729 (Iowa 2002).

The district court remanded back to the commissioner for "further findings and analysis regarding the factual and legal basis for the conclusion that Johnson's mental injury [was] compensable" because the remand decision "did not contain any findings of fact or analysis setting forth the legal basis supporting the conclusion that Johnson's mental injury was compensable."

Johnson appeals, contending the district court erroneously ordered a remand and that Heartland cannot now raise the lack of compensable physical injury argument because that argument should have been raised during prior appellate review.

## II. Standard of Review

We review decisions of the workers' compensation commissioner under Iowa Code chapter 17A. *See* Iowa Code § 86.26. Our review of the commissioner's decision is for errors at law, not de novo. *Second Injury Fund v. Braden*, 459 N.W.2d 467, 468 (Iowa 1990). We broadly and liberally construe the commissioner's findings to uphold, rather than defeat the decision. *Second Injury Fund v. Hodgins*, 461 N.W.2d 454, 455 (Iowa 1990). We must examine whether the commissioner's conclusions are supported by substantial evidence in the record made before the agency when the record is viewed as a whole. *Second Injury Fund v. Shank*, 516 N.W.2d 808, 812 (Iowa 1994). Evidence is substantial if a reasonable mind would accept it as adequate to reach a conclusion. *John Deere Dubuque Works of Deere & Co. v. Weyant*, 442 N.W.2d 101, 105 (Iowa 1989). An agency's decision does not lack substantial evidence because inconsistent conclusions may be drawn from the same evidence. *Shank*, 516 N.W.2d at 812. In reviewing the commissioner's interpretation of the statutes governing the agency, we defer to the expertise of the agency, but reserve for ourselves the final interpretation of the law. *Braden*, 459 N.W.2d at 468.

## III. Discussion

It is well-established law that the commissioner must state the evidence relied upon and detail the reasons for his conclusions. *Bridgestone/Firestone v. Accordino*, 561 N.W.2d 60, 62 (Iowa 1997); *Terwilliger v. Snap–On Tools Corp.*, 529 N.W.2d 267, 274 (Iowa 1995). However, "the commissioner need not discuss *every* evidentiary fact and the basis for its acceptance or rejection so long as the commissioner's analytical process can be followed

on appeal." *Accordino,* 561 N.W.2d at 62 (citing *Terwilliger,* 529 N.W.2d at 274). Thus, the commissioner's duty is satisfied if "it is possible to work backward [from the agency's written decision] and to deduce what must have been [the agency's] legal conclusions and [its] findings of fact." *Norland v. Iowa Dep't of Job Serv.,* 412 N.W.2d 904, 909 (Iowa 1987) (quoting *Ward v. Iowa Dep't of Transp.,* 304 N.W.2d 236, 239 (Iowa 1981)).

▮ The district court remanded this case because the remand decision "did not contain any findings of fact or analysis setting forth the legal basis" for the conclusion that Johnson's mental injury was compensable. We conclude a remand is not necessary in this case because we find the decision contains adequate findings of fact and analysis to support the deputy's conclusion.

The remand decision incorporated a finding from an earlier decision that a physical injury arose out of and occurred in the course of her employment—"a fight with her co-worker resulted in claimant having a mark on her neck, having her clothes ripped, and also suffering from a headache." The deputy also cited evidence from Johnson's two treating physicians indicating that the injury was a substantial factor in precipitating the treatment for Johnson's mental health impairment and that it was their opinion that it was extremely unlikely Johnson would be able to return to work. As stated in *Dunlavey,* 526 N.W.2d at 853,

> Whether an injury has a direct causal connection with the employment or arose independently thereof is essentially within the domain of expert testimony. The weight to be given such an opinion is for the finder of fact, in this case the commissioner, and that may be affected by the completeness of the premise given the expert and other surrounding circumstances.

(Internal citations omitted.) The deputy's reference to the physicians' opinions reflects that he accepted such opinion and gave weight to it so as to find causation in this case. While the deputy's findings of fact could have expanded on the details of causation, his reference to the opinion of the two treating physicians was sufficient.

The deputy's analysis adequately supports the deputy's conclusion that the mental injury was compensable due to a traumatic work-related injury. *See Mortimer v. Fruehauf Corp.,* 502 N.W.2d 12, 17 (Iowa 1993) (holding that "psychological conditions resulting from work-related trauma are compensable"). Therefore, a remand for further findings and analysis is not necessary.

Heartland argues the claim should be dismissed because a "compensable" physical injury is a necessary component of any physical/mental injury claim.[1] In essence, because the underlying physical injury was deemed not compensable by the Iowa Supreme Court, Heartland argues the claim for mental injury should be dismissed. We reject Heartland's attempt to heighten the standard for recovery for a mental injury resulting from a work-related injury. Our review of prior case law finds sporadic and incidental use of the word "compensable" when referring to the work-related injury, but no indication that the underlying physical injury must be compensable in order to give rise to the compensable mental injury. Even though the physical/mental standard arose from cases where the claimant sought additional

---

1. We assume without deciding that Heartland properly raised this argument, even though it was not raised in the two prior appeals to the district court or in the initial brief to the Iowa Supreme Court.

compensation for mental injuries stemming from a previously awarded compensable injury, *see e.g., Coghlan v. Quinn Wire & Iron Works,* 164 N.W.2d 848 (Iowa 1969); *Gosek v. Garmer & Stiles Co.,* 158 N.W.2d 731 (Iowa 1968), we do not read these cases to require that the underlying work-related trauma must be a compensable injury in and of itself. This holding is consistent with the underlying purpose of the workers' compensation statute—"to benefit workers and their dependents insofar as the statute permits." *Brown v. Star Seeds, Inc.,* 614 N.W.2d 577, 580 (Iowa 2000) (citation omitted); *see also Mortimer,* 502 N.W.2d at 14 (stating the workers' compensation statute "is for the benefit of the working person and should be, within reason, liberally construed.").

Accordingly, we reverse the district court's order and reaffirm the decision of the workers' compensation commissioner.

**DISTRICT COURT REVERSED; WORKERS' COMPENSATION COMMISSIONER AFFIRMED.**