## IN THE COURT OF APPEALS OF IOWA

No. 14-0771
Filed May 6, 2015

**PELLA CORPORATION,**
        Petitioner-Appellant/Cross-Appellee,

**vs.**

**DIANA WINN,**
        Respondent-Appellee/Cross-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Brad McCall, Judge.


Pella Corporation appeals and its former employee, Diana Winn, cross-appeals the district court's judicial-review ruling affirming in part and reversing in part the decision of the Iowa Workers' Compensation Commissioner. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**


David L. Jenkins of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellant.

Fredd J. Haas of Fredd J. Haas Law Offices, P.C., Des Moines, for appellee.


Heard by Vogel, P.J., McDonald, J., and Zimmer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**ZIMMER, S.J.**

Workers' compensation claimant Diana Winn filed two separate petitions on the same day seeking benefits for an alleged cumulative work injury arising out of her employment with her former employer, Pella Corporation. After receiving the workers' compensation commissioner's final decision, which awarded benefits to Winn, Pella Corporation filed a petition for judicial review in the district court.

The district court ultimately found the agency's factual findings were supported by substantial evidence, but it concluded the agency failed to use the correct legal test in determining the date of Winn's cumulative injury. The court then remanded to the agency for an injury-date determination using the correct legal standard. The court further found Pella Corporation was entitled to assert an untimely-notice defense on remand. Both parties have appealed from the district court's decision.

Pella Corporation first asserts the district court erred by remanding the case to the agency for a determination of an injury date rather than dismissing the case altogether. It alternatively asserts the court erred in affirming the agency's conclusion that Winn was credible and suffered a work-related injury to her right shoulder. Finally, Pella Corporation contends the court erred in affirming the agency's conclusion Winn was entitled to industrial disability benefits "when the issue of entitlement to such benefits was not ripe for determination, and because the agency award is not supported by substantial evidence and reflects error of law."

In her cross-appeal, Winn concedes the agency failed to properly apply the date-of-injury-manifestation legal analysis as found by the district court, but she argues the agency's decision was legally correct and supported by substantial evidence in all other respects. She requests that this court find her petitions timely as a matter of law and affirm the commissioner's decision on all issues, with one exception. She agrees that a limited remand is necessary so that a date-of-injury-manifestation analysis can be conducted consistent with existing precedent for purposes of benefit calculation.

Upon our review, we affirm in part, reverse in part, and remand with instructions.

## I.  Background Facts and Proceedings.

On February 4, 2011, Diana Winn filed two petitions with the Iowa Workers' Compensation Commissioner, both alleging she sustained a cumulative injury to her right shoulder. The first petition, numbered 5035646, claimed the injury occurred on November 16, 2010, the day she was suspended by her then employer, Pella Corporation. The second petition, numbered 5035647, alleged the injury occurred on June 1, 2010. A deputy commissioner considered both petitions in a combined arbitration proceeding held in February 2012.

At the time of the arbitration hearing, Winn was sixty-one years old. She had worked for Pella Corporation for thirty-four years, beginning in 1976 until her employment was terminated in December 2010. For the last ten years of her employment, Winn had worked as a stock-keeper, requiring her to carry out different tasks, many involving the pushing and pulling of materials in the stock room.

During Winn's tenure with Pella Corporation, she suffered several injuries, including tearing the rotator cuff in her left shoulder in 2008. Winn returned to work after that injury with restrictions, which essentially left her performing her job tasks with only her right arm. Eventually she began to have pain in her right shoulder, and on June 1, 2010, she saw her medical provider, Nurse Practitioner Katherine Todd, for treatment of her right shoulder pain. Nurse Todd's notes from the appointment state: "Right shoulder pain is catching up with her. She is overusing it because they have not let her have her left rotator cuff surgery." Nurse Todd diagnosed Winn with "[r]ight arm and neck pain, most likely due to overuse due to the fact she cannot use her left arm." Nurse Todd prescribed Winn pain medications and referred her to Dr. Cassim Igram, an orthopedic surgeon.

Winn saw Dr. Igram at the end of June 2010, and he opined that the pain symptoms in Winn's right upper extremity were "coming from the shoulder." Dr. Igram ordered an MRI of Winn's right shoulder, which took place on July 13. The procedure revealed "a small full thickness rotator cuff tear" in Winn's right shoulder. Dr. Igram then referred Winn to Dr. Scott Meyer, an orthopedic shoulder specialist.

Dr. Meyer evaluated Winn on August 27, 2010, and he agreed Winn had a tear in the rotator cuff of her right shoulder. The history section of Dr. Meyer's notes state: "She apparently feels her right shoulder might also be work-related, but apparently they have not gone down that avenue at this point in time." Dr. Meyer discussed with Winn her treatment options, including surgery.

On February 16, 2012, an arbitration hearing was held on Winn's petitions before a deputy workers' compensation commissioner. The deputy entered her arbitration decision on September 19, 2012. She concluded Winn sustained an injury to her right shoulder as a result of her employment with Pella Corporation. The deputy found Winn to be a credible witness, though the deputy did include the phrase "[f]or the most part" in the same sentence. However, the deputy went on to state that "[d]uring the hearing proceedings, [Winn's] behavior, demeanor and mannerisms were consistent with someone who appeared to be telling the truth to the best of her abilities."

The deputy specifically found the date of Winn's "right shoulder injury was November 16, 2010 and not on June 1, 2010," explaining the November date was "the date [Winn] discovered her condition was serious enough to have a permanent, adverse impact on her employment." The deputy determined Winn had a permanent partial disability in the amount of eighty percent and awarded Winn permanent partial disability benefits. The deputy awarded the benefits under the petition which asserted the November injury date, number 5035646. The deputy awarded no benefits under Winn's other petition, number 5035647.

Pella Corporation sought a rehearing, which was subsequently denied. It then appealed the deputy's arbitration decision to the commissioner. Neither Pella Corporation nor Winn raised any issue on intra-agency appeal with respect to the deputy's decision to award no benefits to Winn under file number 5035647.

The commissioner[1] affirmed and adopted the deputy's decision, but she added some additional analysis. As to the deputy's finding Winn was credible, the commissioner noted the deference given to the deputy's first-hand observations, and the commissioner further found the "concerns" expressed by Pella Corporation's expert about Winn's credibility did not overcome the deputy's finding of credibility. The commissioner found no merit in Pella Corporation's assertion that Winn's injury could not be work related because her job task was not repetitive, noting Winn's case was "largely about overuse of one body part while compensating for restricted use of another body part" and explaining that, as of "June 1, 2010, [Winn] had performed her normally two-handed job, which included routinely pushing containers that weighed about 500 pounds, with only her right upper extremity for approximately 18 months. That factual history certainly is consistent with the development of an overuse injury in the compensating body part." Finally, the commissioner disagreed with Pella Corporation that the "deputy incorrectly found the cumulative date of injury to be November 16, 2010, and, therefore, deprived it of the ability to raise a Iowa Code section 85.23 [(2011)] lack of notice affirmative defense." Like the deputy, the commissioner reasoned that even if Winn became aware she had a rotator-cuff tear in the summer of 2010, Winn would not have discovered "that her right shoulder condition was likely to permanently, adversely impact her employment until being placed in the general labor market on November 16, 2010." Pella Corporation filed an application for rehearing, which the commissioner denied.

---

[1] Deputy Commissioner HelenJean Walleser decided the agency appeal by designation of the commissioner. We will refer to her as "commissioner" throughout the opinion.

Pella Corporation then filed a petition in district court seeking judicial review of the agency's decision, asserting the decision was not based on proper findings of fact and conclusions of law as required by Iowa Code sections 17A.16(1) and .19(10)(c), (f), (i), (j), (*l*), (m), and (n). Following a hearing in January 2014, the district court entered its ruling on judicial review affirming the agency in all respects but one. Like the commissioner, the court found the deputy commissioner was in the best position to assess Winn's credibility, and it concluded substantial evidence in the record supported both the deputy's credibility finding and the agency's determination that Winn suffered an injury in the course of her employment with Pella Corporation. The court also found the deputy's decision, though it did not contain explicit headings, clearly delineated where the deputy was making factual findings and applications of law.

However, the district court agreed with Pella Corporation's contention that the agency did not employ the proper legal test in determining the date of Winn's injury, and it remanded the case back to the agency "to determine the date of cumulative injury using the appropriate legal analysis stated in *Herrera* [*v. IBP, Inc.*, 633 N.W.2d 284 (Iowa 2001)]." As discussed in more detail later in this opinion, in *Herrera*, our supreme court clarified the analytical interplay between the cumulative injury rule and the discovery rule. *See Herrera*, 633 N.W.2d at 287-89.

Because the date of the injury was now back in play, the district court reasoned Pella Corporation's arguments concerning its ability to assert the affirmative defense of lack of notice might still be an issue, and it ordered that if the agency found that, "under the proper legal analysis, the June 1, 2010, case

should not have been closed, then [Pella Corporation's] untimely notice claim would need to be addressed" by the agency. Finally, the district court found the agency's determination that Winn sustained permanent partial impairment to her body as a whole in the amount of eighty percent was supported by substantial evidence and was not irrational, illogical, or unjustifiable. The court entered its ruling remanding "for a determination as to the date of the right-shoulder injury, and a reconsideration of [Winn's] first claim for workers' compensation benefits, file number 5035647."[2]

Following the district court's decision, Pella Corporation filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) requesting the district court amend or enlarge its ruling in several respects. Among other things, it expressed concern about the court's order to reconsider the closed case, number 5035647, because the dismissal of that case had not been appealed. It noted the court's order could create "seemingly unintended adverse procedural consequences which could result in an unnecessary series of appeals." Pella Corporation requested the court remand to the agency and permit it to assert its untimely-notice defense. The district court granted Pella Corporation's motion in part. It vacated the portions of its ruling that determined Pella Corporation waived the issue of untimely notice and required the agency to reassess petition number 5035647. The court elucidated:

---

[2] The docketing procedure employed by the agency is confusing. The agency assigned litigation file numbers to Winn's two petitions in reverse order to the dates of injury alleged in the petitions. Agency file number 5035646 was assigned to the petition which alleged a November 16, 2010 injury date. Agency file number 3035647 was assigned to the petition in which June 1, 2010, was alleged as the date of injury.

[Pella Corporation] had no reason to raise this defense with respect to the November 16, 2010, petition due to the [agency's] own error. Rather, the court finds that [Pella Corporation] is entitled to assert the defense of untimely notice on appeal. On remand, if the [agency] determines that the date of injury fell outside of the ninety-day notice period, the [agency] must dismiss the petition as untimely in accordance with the law.[3]

Following the district court's final decision on judicial review, Pella Corporation appealed, and Winn cross-appealed.

## II. *Scope and Standards of Review.*

In judicial review proceedings, the district court acts in an appellate capacity reviewing the commissioner's decision to correct legal error. *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 888 (Iowa 2014). On appeal, we apply the standards of Iowa Code chapter 17A to decide if we reach the same conclusion as the district court did. *Id.* at 889.

Whether Winn's injury was work related, whether the employer had actual notice of the injury, and whether Winn was permanently partially disabled are all questions of fact. *See id.* (discussing medical causation fact findings); *IBP, Inc. v. Burress*, 779 N.W.2d 210, 220 (Iowa 2010) (remanding to the agency for fact findings to determine whether claimant complied with notice requirement), *Sherman v. Pella Corp.*, 576 N.W.2d 312, 322-23 (Iowa 1998) (discussing permanent-partial-disability fact findings); *Oscar Mayer Foods Corp. v. Tasler*, 483 N.W.2d 824, 829 (Iowa 1992) (noting that the determination of the claimant's

---

[3] In its ruling on Pella Corporation's motion to enlarge, the district court stated Winn "was in error to file two separate petitions alleging two different dates of injury for the same cumulative injury, and the deputy was in error for allowing both petitions to proceed." However, Pella Corporation did not challenge her filing of two petitions before the agency, and thus the agency did not analyze the issue. It is also not before us on appeal.

date of injury must be determined before other factual findings can be made). The legislature vested the commissioner with discretion to make determinations of fact. *House*, 843 N.W.2d at 889. "We are bound by the commissioner's factual determinations if they are supported by substantial evidence in the record before the court when that record is viewed as a whole." *Id.* (citation and internal quotation marks omitted). "Substantial evidence" is defined as "'the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance.'" *Id.* (quoting Iowa Code § 17A.19(10)(f)(1)). Evidence is not insubstantial just because it may support a finding different from that made by the commissioner. *Id.* Our job is to see if substantial evidence supports the findings actually made. *Id.*

Because Pella Corporation's challenge to the agency's industrial-disability determination depends on the application of law to facts, we will not disturb that decision unless it is "irrational, illogical, or wholly unjustifiable." *See Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 526 (Iowa 2012).

### III. Discussion.

Pella Corporation contends the district court erred by remanding the case to the agency for a determination of an injury date rather than dismissing the case altogether, and Winn argues the court erred in remanding the case with the direction that the agency consider Pella Corporation's section 85.23 defense. Pella Corporation asserts the court erred in affirming the agency's conclusion that Winn was credible and suffered a work-related injury. Pella Corporation also

argues the district court erred in affirming the award of industrial disability benefits when the issue of entitlement to such benefits was not ripe for determination and because the agency award was not supported by substantial evidence and reflects error of law. We address the parties' arguments in turn.

### A. *Section 85.23 Notice.*

Iowa Code section 85.23 provides that "employees must give their employers notice of injuries within ninety days." *Burress*, 779 N.W.2d at 218. However, the discovery rule can be applied to the ninety-day notice requirement to toll the start date of the ninety-day period. *See id.* Specifically, "[u]nder the discovery rule, the time within which a proceeding must be commenced does not begin to run until the claimant, as a responsible person, should recognize the nature, seriousness, and probable compensable character of the condition." *Johnson v. Heartland Specialty Foods*, 672 N.W.2d 326, 328 (Iowa 2003). Furthermore, the "[c]laimant must know enough about the condition to realize that it is compensable." *Id.*

At the hearing before the deputy, Winn admitted Pella Corporation received notice of her injuries when she filed her petitions on February 4, 2011. Nevertheless, the operative date here, for purposes of providing timely notice under section 85.23, is when Winn, as a responsible person, should have recognized the nature, seriousness, and probable compensable character of the condition, and when she knew enough about her condition to know it was compensable. *See id.* This is a factual question and therefore within the province of the agency. *See id.*

Here, the deputy found that "the date of [Winn's] right shoulder injury was November 16, 2010. This is the date [Winn] *discovered* her condition was serious enough to have a permanent, adverse impact on her employment." (Emphasis added.) Pella Corporation was on notice of Winn's claim eighty-one days later. Consequently, even if we assume without deciding that Pella Corporation's untimely-notice defense was still viable, it fails as a matter of law because the application of the discovery rule renders Winn's petition timely. Under the circumstances of this case, we agree with Winn that the district court erred in finding that Pella Corporation's untimely-notice defense should be considered on remand. Accordingly, we reverse the district court's ruling on this issue. Furthermore, for the same reasons, we reject Pella Corporation's assertion the district court erred in not dismissing Winn's petitions outright.

### B. Work-Related Injury.

Pella Corporation asserts the district court erred in affirming the agency's finding that Winn sustained a work-related injury "in the absence of any properly alleged and proven date of injury." It is true the district court affirmed without an exact finding by the agency of the date Winn suffered her injury. However, for the following reasons, we do not believe that date is necessary to the determination of whether the agency's finding that Winn sustained a cumulative injury is supported by substantial evidence, given the other facts found by the agency in this case.

A cumulative injury is one that develops over a period of time. *McKeever Custom Cabinets v. Smith*, 379 N.W.2d 368, 373 (Iowa 1985). In *McKeever*, our supreme court contemplated whether to adopt the cumulative injury rule for

measuring the date of a gradual injury comprised of a "series of hurts." *Id.* at 373-74. By approving the commissioner's use of the rule, the court held a cumulative injury date is the point "when pain prevents the employee from continuing to work." *Id.* at 374. This concept is closely related to the discovery rule, but the two are not the same. *See id.* at 372-73. "The cumulative injury rule . . . may apply when the disability develops over a period of time; then the compensable injury itself is held to occur at the later time." *Id.* at 373.

In *Tasler*, our supreme court articulated the manifestation test to pinpoint the date of injury. 483 N.W.2d at 829. *Tasler* held an injury manifests itself on the date when it would have become "plainly apparent to a reasonable person" both that (1) the claimant had suffered an injury and (2) the injury was caused by the claimant's employment. *Id.* The commissioner is afforded "a substantial amount of latitude" in determining the date of manifestation because it is "an inherently fact-based determination." *Id.* Moreover, the commissioner is free to consider a multitude of factors, such as the point when the claimant receives medical care, is absent from work based on an inability to perform, or others; no single factor is necessarily dispositive. *Id.*

The analytical interplay between the cumulative injury rule and the discovery rule was clarified in *Herrera*:

> The preferred analysis is to first determine the date the injury is deemed to have occurred under the *Tasler* test, and then to examine whether the statutory period commenced on that date or whether it commenced upon a later date based upon application of the discovery rule.
> To summarize, a cumulative injury is manifested when the claimant, as a reasonable person, would be plainly aware (1) that he or she suffers from a condition or injury, and (2) that this condition or injury was caused by the claimant's employment.

> Upon the occurrence of these two circumstances, the injury is deemed to have occurred. Nonetheless, by virtue of the discovery rule, the statute of limitations will not begin to run until the employee also knows that the physical condition is serious enough to have a permanent adverse impact on the claimant's employment or employability, i.e., the claimant knows or should know the nature, seriousness, and probable compensable character of his injury or condition.

633 N.W.2d at 288 (citation and internal quotation marks omitted).

While the "preferred analysis is to first determine the date the injury is deemed to have occurred under the *Tasler* test," *see id.*, in this case, the deputy bypassed this step and went directly to the date Winn discovered her injury, the second part of the test. We suspect the deputy determined the discovery date of November 16, 2010, was also the date the deputy deemed Winn's injury to have occurred. But regardless, because the agency already determined the discovery date, any date it finds as the "date" Winn sustained her cumulative injury will be upheld so long as it is supported by substantial evidence in the record.

Pella Corporation seems to argue that because Winn pled the specific dates of November 16, 2010, and June 1, 2010, she is held to those dates as the only possible dates the deputy could find she sustained her cumulative injury. However, that is not the case. As our supreme court has recently reiterated, "the principal purpose of the workers' compensation statute is to benefit the worker. To that end, we liberally construe the workers' compensation statute in favor of the worker." *Denison Mun. Utils. v. Iowa Workers' Comp. Comm'r*, 857 N.W.2d 230, 234-35 (Iowa 2014) (citations omitted). For that reason, petitions for workers' compensation benefits are not to be judged by technical rules. *See Univ. of Iowa Hosps. & Clinics v. Waters*, 674 N.W.2d 92, 96-97 (Iowa 2004).

Rather, the question is whether the employer "is . . . afforded a substantive right to be at least generally informed as to the basic material facts upon which the employee relies as a basis for compensation." *Id.* at 97. Stated another way, "due process requires that a party be informed somehow of the issue involved in order to prevent surprise at the hearing and allow an opportunity to prepare. . . . The test is fundamental fairness, not whether the notice meets technical rules of common law pleading." *Tasler*, 483 N.W.2d at 828 (internal citation and quotation marks omitted). "A showing of prejudice is essential to establishing a due process violation." *Id.*

Here, there is no question that Pella Corporation was generally informed as to the basic material facts upon which Winn relied as a basis for compensation. Moreover, the agency specifically found Winn (1) sustained a work injury and (2) discovered that work injury on November 16, 2010. In its ruling on judicial review, the district court did not conclude that November 16, 2010, was an improper date to assign for manifestation of Winn's cumulative injury as Pella Corporation seems to suggest. Instead, the court found the agency failed to distinguish its analysis of the date-of-injury manifestation from its clearly stated conclusion that Winn discovered her condition was serious enough to have a permanent, adverse impact on her employment on November 16, 2010. We agree with the district court that the date Winn "sustained" her cumulative injury is only important for benefit determination. Accordingly, if the agency's finding that Winn discovered her work injury on November 16, 2010, is supported by substantial evidence, remanding for the determination of the date her injury manifested for purposes of determining benefit calculation is

appropriate. We next consider Pella Corporation's challenges to the agency's factual findings.

### C. *Credibility and Factual Findings.*

Pella Corporation raises several challenges to the agency's factual findings and assessments of credibility.

Pella Corporation asserts that neither the arbitration decision nor appeal decision contains proper findings of fact upon which the basis for the stated conclusion in either agency decision may be properly discerned. Pella Corporation points out that Iowa Code section 17A.16(1) requires an agency decision contain separately stated factual findings and conclusions of fact. It contends that if the case is remanded, the agency should be directed to reconsider issues of credibility, causation, and permanent disability in light of the deficiencies in the agency's consideration of these issues. It is true that Deputy McGovern did not separate her findings of fact from her conclusions of law with separate headings; however, as the district court found, it is easy to differentiate the deputy's factual findings and conclusions of law in her arbitration decision. In addition, we find no reason to conclude that the commissioner did not review all the evidence in the record when she conducted her de novo review. Because the record in this case allows us to conduct the review required by chapter 17A, we find it unnecessary to order a remand to reconsider the issues Pella Corporation has identified.

Pella Corporation next argues Winn's and her doctors' opinions are not supported by substantial evidence in the record, pointing to its own expert's

opinions to establish the unreasonableness of the others' opinions. Our standard of review requires us to reject this argument.

Though we do not merely rubberstamp the district court's judicial review of agency decisions, *see Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011), our review is nevertheless extremely limited. "[W]hen we review factual questions delegated by the legislature to the commissioner, the question before us is not whether the evidence supports different findings than those made by the commissioner, but whether the evidence supports the findings actually made." *Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 850 (Iowa 2009) (citation and internal quotation marks omitted). For factual findings, we must defer to the agency's determination so long as the findings are supported by substantial evidence. *See Pease*, 807 N.W.2d at 845. "Evidence is not insubstantial merely because different conclusions may be drawn from the evidence. To that end, evidence may be substantial even though we may have drawn a different conclusion as fact finder." *Id.* (internal citations omitted).

Pella Corporation is critical of the agency's assessment of Winn's credibility. Though the deputy couched her initial credibility finding of Winn with the phrase, "for the most part," it is clear the deputy found Winn to be credible and gave weight to the testimony that she found credible. The deputy found pushing and pulling were involved in Winn's job but on an occasional basis. Still, the deputy found that Winn performed her regular duties with just her right arm, and eventually her right shoulder began to hurt. All of this is supported by Winn's testimony.

Pella Corporation also disagrees with the agency's conclusions concerning medical expert opinions regarding causation. After setting forth the procedural medical history, the deputy set forth language regarding the legal requirements Winn was required to satisfy to establish she was entitled to benefits. The deputy then explained the views of the different experts and concluded Winn sustained an injury to her shoulder as a result of her employment with Pella Corporation which she discovered on November 16, 2010. While the deputy could have set forth more explanations as to her findings, her findings are nevertheless supported by substantial evidence in the record, specifically Winn's testimony and the opinions of her experts. Although a different finder of fact may have come to a different conclusion under this record, we find substantial evidence supports the agency's findings and conclusions.

### D. *Industrial Disability Finding.*

Finally, Pella Corporation argues the district court should have withheld its review of the industrial disability finding because it was not ripe for its determination and, in any event, was not supported by substantial evidence and reflected error of law. However, because we have concluded the agency's determination that Winn sustained a work injury that she discovered on November 16, 2010, was supported by substantial evidence, and because the actual date of her injury is only necessary to the benefit determination, we agree with the district court's determination that the issue was ripe for review. We turn to the merits.

An employer is required to pay an employee temporary disability benefits "until the employee has returned to work or is medically capable of returning to

employment substantially similar to the employment in which the employee was engaged at the time of the injury, whichever occurs first." Iowa Code § 85.33(1). Similarly, healing period benefits are to be paid for any injury causing permanent partial disability

> until the employee has returned to work or it is medically indicated that significant improvement from the injury is not anticipated or until the employee is medically capable of returning to employment substantially similar to the employment in which the employee was engaged at the time of injury, whichever occurs first.

*Id.* § 85.34(1). However, whether an employee has a permanent disability cannot be determined until the employee has reached maximum medical improvement. *Bell Bros. Heating & Air Conditioning v. Gwinn*, 779 N.W.2d 193, 201 (Iowa 2010). Stabilization of the employee's medical condition "is the event that allows a physician to make the determination that a particular medical condition is permanent." *Id.* at 200. A claimant is entitled to permanent partial disability benefits upon proof that "it is medically indicated that significant improvement from the injury is not anticipated." Iowa Code § 85.34(1).

Pella Corporation maintains Winn has not reached maximum medical improvement with respect to her right shoulder condition because she plans to undergo surgery, asserting her doctor "believed Winn would demonstrate improvement in her condition if she has surgery." However, her doctor actually stated she "may" benefit from the surgery. There is no guarantee or even any evidence of expected, significant improvement. Here, Winn's doctor's opinion was that she sustained a permanent injury, and the agency's finding of such was supported by substantial evidence in the record, and we find no error of law. We therefore affirm on this issue.

*IV. Conclusion.*

Because we find the district court erred in finding Pella Corporation's untimely-notice defense should be considered on remand, we reverse on this issue. We affirm the decision of the district court in all other respects and remand the case to the district court with instructions on judicial review to remand to the commissioner for a date-of-injury manifestation analysis consistent with our supreme court's directions in *Herrera* for purposes of benefit calculation.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**