# IN THE COURT OF APPEALS OF IOWA

No. 16-1285
Filed June 7, 2017


**DARRYN ABBEN,**
        Plaintiff-Appellant,

**vs.**

**IOWA DEPARTMENT OF ADMINISTRATIVE SERVICES, HUMAN RESOURCES ENTERPRISE,**
        Defendant-Appellee.
_____


        Appeal from the Iowa District Court for Black Hawk County, Linda Fangman, Judge.


        Appeal from district court order affirming an employment classification decision of the Iowa Department of Administrative Services. **AFFIRMED.**



        John R. Walker, Jr. of Beecher, Field, Walker, Morris, Hoffman & Johnson, P.C., Waterloo, for appellant.

        Thomas J. Miller, Attorney General, and Matthew T. Oetker, Assistant Attorney General, for appellee.



        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

This administrative appeal arises out of Darryn Abben's challenge to his job classification. Abben commenced employment with the department of transportation in July 1986. At all times material to this appeal, Abben was employed as a Highway Technician Associate (HTA). According to Abben, commencing in 1997, he spent the majority of his time performing work falling under the job duties of an Electrician, a position with a higher pay grade. In 2000, Abben submitted a Position Description Questionnaire (PDQ) to the Iowa Department of Personnel, seeking to be reclassified as an Electrician. That request was denied. In 2014, Abben filed this administrative challenge to his job classification. He challenged only his employment classification for the period 2006 through 2013. The Classification Appeals Committee of the Department of Administrative Services (DAS) denied Abben's request for reclassification, finding Abben failed to prove a substantive change in his job duties sufficient to warrant reclassification of his position. The district court affirmed the agency's action. Abben timely filed this appeal.

The Iowa Administrative Procedure Act governs judicial review of agency action. *See* Iowa Code § 17A.19(10) (2013); *Renda v. Iowa Civil Rights Comm'n*, 784 N.W.2d 8, 10 (Iowa 2010). Here, Abben asserts the agency's decision was not supported by "substantial evidence in the record before the court when that record is viewed as a whole." Iowa Code § 17A.19(10)(f). "Substantial evidence" is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that

fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1); *see also Smith v. Iowa Dep't of Human Servs.*, 755 N.W.2d 135, 137 (Iowa 2008). "Evidence is not substantial if a reasonable mind would find the evidence inadequate to reach the same conclusion as the agency." *Ringland Johnson, Inc. v. Hunecke*, 585 N.W.2d 269, 272 (Iowa 1998). An agency's decision does not lack substantial evidence simply because other inconsistent conclusions could be drawn from the same evidence. *See Heartland Specialty Foods v. Johnson*, 731 N.W.2d 397, 400 (Iowa Ct. App. 2007). The ultimate question is not whether the evidence would support a different conclusion but whether it supports the conclusion made. *See Gaskey v. Iowa Dep't of Transp.*, 537 N.W.2d 695, 698 (Iowa 1995).

A classification decision "is not easily quantifiable nor is it susceptible to any easy bright line test." *Abel v. Iowa Dep't of Pers.*, 472 N.W.2d 281, 282 (Iowa 1991). The "mandate to determine the proper classification of state jobs" lies with DAS and "not the courts." *Id.* To prove his position should have been reclassified, Abben had the burden to show a substantive change in his job duties. This required him to prove "by a preponderance of evidence that the duties of the requested job classification [were] assigned and carried out on a permanent basis and [were] performed over [fifty] percent of the time." Iowa Admin. Code r. 52-5(4)(d).

As a general rule, we broadly and liberally apply an agency's findings in order to uphold, rather than defeat, its decision. *See Ward v. Iowa Dep't of Transp.*, 304 N.W.2d 236, 237 (Iowa 1981). In that light, we conclude the agency's findings are supported by substantial evidence. We begin with the

relevant job descriptions. The HTA position and the Electrician position both require electrical work. Some of the functions of the HTA position include the following:

> Performs construction and maintenance and minor repairs on all assigned equipment such as oil changes, greasing and inspections; assists mechanic on major breakdowns and overhauls such as repairs on brakes, hydraulics, electrical, transmission and mechanical systems.

The duties of an Electrician are set forth as follows:

> Performs skilled electrical work in the installation, alteration, maintenance, and repair of electrical systems, fixtures, and related equipment; performs related work as required.

While Abben is correct both positions require some electric work, he did not establish he performed any *skilled* electrical work as contemplated by the Electrician designation. Second, to the extent Abben did perform some skilled electrical work in his position, he failed to establish he engaged in skilled electrical work more than fifty percent of the time. Abben provided personal logs of his daily activities coded by department of transportation task codes. His logs provided little guidance on the meaning of the codes. In addition, his logs do not prove he engaged in skilled electrical work more than fifty percent of the time. At best, the logs only show Abben engaged in work he considered to be electrical in nature without regard to the skill involved or degree of complexity. For example, some of the tasks Abben deemed electrical work included replacing light bulbs and working with vendors. Under the circumstances, we cannot say the agency's decision is not supported by substantial evidence.

Abben also raises a procedural claim. In the district court, Abben requested this matter be remanded to the agency to allow him to present

additional evidence in the event the district court affirmed the agency's decision. The district court declined to do so. We typically review a district court's denial of a party's request to remand to the agency for abuse of discretion. *See Zenor v. Iowa Dep't of Transp.*, 558 N.W.2d 427, 431 (Iowa Ct. App. 1996). This requires a showing the court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.*

The district court may remand an administrative appeal to allow additional evidence if the proposed evidence is "material" and there were "good reasons" for the failure to present it previously. Iowa Code § 17A.19(7). Abben has not identified the additional evidence he seeks to add to the record. He also has not shown good reasons for the failure to present this additional evidence in the first instance. The district court did not abuse its discretion in denying Abben's request for remand.

Abben also raises a constitutional claim. Abben asserts the denial of his request to remand this matter if he lost on the merits violated his right to due process. Our review of constitutional claims is de novo. *Exira Cmty. Sch. Dist. v. State*, 512 N.W.2d 787, 791 (Iowa 1994). Abben's due process claim fares little better than his procedural claim. "Due process requires that parties to an administrative hearing be given notice and the opportunity to defend." *Alfredo v. Iowa Racing & Gaming Comm'n*, 555 N.W.2d 827, 833 (Iowa 1996). Here, Abben was given notice of the hearing and the opportunity to prosecute his case within the agency. He presented his testimony regarding his job duties as well as daily work logs he prepared that purported to show the tasks he performed. The

agency concluded Abben failed to prove his claim. There is no due process right to a do-over.

**AFFIRMED.**